556 So.2d 817 (1990)
STATE of Florida, Petitioner,
v.
Jack Timothy TOWNSEND, Respondent.
No. 89-1734.
District Court of Appeal of Florida, Fifth District.
February 15, 1990.
Norman R. Wolfinger, State Atty., and Kathy J. Anderson, Asst. State Atty., Titusville, for petitioner.
Kendall T. Moran, Titusville, for respondent.
COBB, Judge.
The state seeks certiorari review of a trial court's order denying its motions to introduce hearsay statements under section 90.803(23), Florida Statutes (1987), based upon a finding by the court that the child victim is available to testify. That statute permits a specific hearsay exception for out-of-court statements of children describing sexual acts committed upon them if:

*818 1. The court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability. In making its determination, the court may consider the mental and physical age and maturity of the child, the nature and duration of the abuse or offense, the relationship of the child to the offender, or offense, the relationship of the child to the offender, the reliability of the assertion, the reliability of the child victim, and any other factor deemed appropriate; and
2. The child either:
a. Testifies; or
b. Is unavailable as a witness, provided that there is other corroborative evidence of the abuse or offense. Unavailability shall include a finding by the court that the child's participation in the trial or proceeding would result in a substantial likelihood of severe emotional or mental harm, in addition to findings pursuant to s. 90.804(1).
Section 90.804(1), referred to in the foregoing subsection, defines "unavailability as a witness" to mean, inter alia, that a declarant is "unable to be present or to testify at the hearing... because of then existing physical or mental illness or infirmity... ." The state and the defense stipulated below that the three-year-old victim was not able to understand the duty or obligation to tell the truth because of her chronological age. Based on that stipulation, the trial court found the child incompetent to testify. This infirmity satisfies the test of unavailability under the statutory definition of section 90.804(1).
The trial court, after an evidentiary hearing, expressly found:
The Court heard testimony from the above-mentioned child psychologist to the effect that the minor child was suffering from post-traumatic stress evidenced by regression and further the child psychologist did not indicate that there would be any long-term damage to the child and further finds that there is no substantial likelihood of severe emotional or mental harm to the child should the child participate in the trial.
We agree with the state that this factual finding by the trial court misstates the testimony of the psychologist, which was exactly to the contrary. The psychologist expressly testified that, in her opinion, requiring the child to testify in the presence of her father, the accused, would be severely damaging to the child emotionally and physically. While the trial judge did not have to believe this opinion testimony, his conclusion, based upon a misstatement of factual testimony, cannot be sustained.
More to the point, however, is the legal fact that the expert opinion below was irrelevant given the court-approved stipulation between the parties. If the three-year-old victim was incompetent to testify by reason of the infirmity of her age, then she was absolutely unavailable for trial and no court finding in regard to the likelihood of emotional or mental harm to her as a result of trial participation was necessary. If the witness is incompetent to testify at trial, obviously the effect of that testimony on the witness is a moot point. The statute should not be construed to require a useless finding by the trial court.
The fact that the minor witness is incompetent to testify at trial does not mean, however, that her out-of-court statements are precluded. Perez v. State, 536 So.2d 206 (Fla. 1988), cert. denied, ___ U.S. ___, 109 S.Ct. 3253, 106 L.Ed.2d 599 (1989). The admissibility of those statements must be determined by the trial court outside the presence of the jury based on the time, content, and circumstances of each statement, and a factual finding made as to the safeguards of the statement's reliability.[1] No such finding was made by the trial court below, and that failure constitutes reversible error. See State v. Allen, 519 So.2d 1076 (Fla. 1st DCA 1988).
Accordingly, we grant certiorari review, quash the order of the trial court, and *819 remand for further proceedings consistent with this opinion.
CERTIORARI GRANTED, ORDER QUASHED.
DAUKSCH, J., concurs.
COWART, J., dissents without opinion.
NOTES
[1] The state's petition represents that there is other corroborative evidence of the instant child abuse, which would meet the requirement of section 90.803(23)(b).