HARRIS, Judge.
Jack Timothy Townsend appeals from his conviction of sexual battery. Because we find that the record does not support the introduction into evidence of the hearsay statements of the alleged child victim, we reverse and remand for a new trial.
Townsend is either guilty of one of the most heinous offenses enjoined by civilized society — the sexual abuse of his own child — or is the hapless victim of the most vicious child manipulation coming in the *535 midst of a bitter and recriminating domestic battle' The jury found the former based solely on the hearsay testimony of the two-year old child alleged to be the victim.[1]
It is not our function in this appeal to determine Townsend’s guilt or innocence. We should, however, determine if the jury was properly permitted to consider the child’s hearsay testimony. More particularly, we should consider whether the admission of this evidence violated longstanding evidence rules designed to protect not only Townsend and not only criminal defendants, but anyone whose liberty, property* or other rights might be affected by the introduction of unreliable evidence.[2]
Our consideration is complicated by the effect of a previous decision by this court and a previous holding, albeit dictum, of the supreme court.
The facts of this case show that after Townsend and his wife separated, she and the child moved in with her mother. It was after this, while alone with the mother, that the child is first reported to have said “Papa stuck his finger in my chita [vagina].” Even though the wife had suspected sexual abuse before this (a medical examination proved negative), and even though she had earlier complained to H.R.S. about her general fears of sexual abuse (again, with negative results), she testified that she decided not to report this incident involving a specific allegation to H.R.S. She testified that she didn’t call H.R.S. even after this occasion when the child continued to report this charge and even when the child, on one occasion, spread her legs and stuck her fingers in her vagina and repeated that “Papa put his fingers in my chita.”
She permitted the alternate weekend visits with Townsend to continue.
Someone other than the mother became aware of the child’s allegations and filed a report which prompted a visit from an H.R.S. agent. The mother, the grandmother and other relatives and friends were present during the interview. The child, after a while, “threw herself on the sofa, spread her legs open and took her hand and put her hand in her vagina and took her finger and said this is what Papa does to my chita.”
Charges against Townsend were filed.
During an earlier proceeding, the trial court ruled that even though the court approved the stipulation between the State and the defense that the child was an incompetent witness because “she was not able to understand the duty or obligation to tell the truth because of her chronological age,” the child was nevertheless not an unavailable witness under section 90.-803(23)(a)(2) because such incompetency met none of the definitions of unavailability contained in said statute.
On appeal, this court determined that the stipulation to the effect that the child was an incompetent witness because she was unable to understand the duty or obligation to tell the truth because of her youth met the section 90.803(23) exception to unavailability: “because of then existing physical illness or infirmity.” State v. Townsend, 556 So.2d 817, 818 (Fla. 5th DCA 1990) [:Townsend /].
We now recede from this position. It is apparent that all the section 90.804 definitions of unavailability [included by reference into section 90.803(23)] assume the competency of the witness. It assumes that the witness could testify except for (1) some privilege, (2) the witness’ persistent refusal to testify, (3) a lack of memory *536 which would destroy his effectiveness as a witness, (4) the inability to require the witness to attend, and (5) the death or the witness’ then existing [at the time of trial] physical or mental illness or infirmity. We now believe that the statute’s reference to “then existing ... mental ... infirmity” must refer to a condition arising after the purported hearsay statements.
We also held in Townsend I that the trial court erred in concluding that the child did not meet the additional exception to unavailability contained in section 90.803(23): “the child’s participation in the trial proceedings would result in a substantial likelihood of severe emotional or mental harm.”
We did not find this error in the court’s evaluation of the credibility of the testimony but rather in the court’s reliance on its summary of the psychologist’s testimony which was contrary to the psychologist’s testimony in the record. Because of this contradiction — either the court misheard the testimony or the record is inaccurate— we held that this finding of availability should not stand unless the trial judge reconsidered the issue based on a review of the psychologist’s testimony. We still recognize this as a problem. However, because we felt bound by the dictum in Perez v. State, 536 So.2d 206 (Fla.1988), cert. denied, 492 U.S. 923, 109 S.Ct. 3253, 106 L.Ed.2d 599 (1989), we believed the child’s unavailability was immaterial and discouraged the trial court from reconsidering the issue of harm to the child if she testified. The issue was therefore not revisited before trial.
The Townsend I court’s reliance on Perez is evident from our holding:
The fact that the minor witness is incompetent to testify at trial does not mean, however, that her out-of-court statements are precluded. Perez v. State, 536 So.2d 206 (Fla.1988), cert. denied, [492 U.S. 923,] 109 S.Ct. 3253, 106 L.Ed.2d 599 (1989). The admissibility of those statements must be determined by the trial court outside the presence of the jury based on the time, content, and circumstances of each statement, and a factual finding made as to the safeguards of the statement’s reliability. [Footnote omitted].
Townsend at 818.
This statement of the law, which we now suggest is erroneous,[3] is based upon the following language contained in Perez:
We reject the argument that the child must be found to be competent to testify before the child’s out-of-court statements may be found to bear sufficient safeguards of reliability. Section 90.603(2), Florida Statutes (1985), provides that “[a] person is disqualified to testify as a witness when the court determines that he is ... [i]ncapable of understanding the duty of a witness to tell the truth.” A young child generally does not understand abstract concepts such as duty, truth or lie. The fact that a child is incompetent to testify at trial according to section 90.603(2) does not necessarily mean that the child is unable to state the truth. The requirement that the trial court find that the time, content, and circumstances of the statement provide sufficient safeguards of reliability furnishes a sufficient guarantee of trustworthiness of the hearsay statement, obviating the necessity that the child understand the duty of a witness to tell the truth.[4], [Emphasis and footnote supplied].
Perez, 536 So.2d at 210-211.
The court in Perez was not concerned with whether the statements were admissi *537 ble under section 90.803(23). Clearly they are because the trial court in Perez made a finding that the child’s out-of-court statements were reliable, but that the child was “unavailable as a witness due to a substantial likelihood of severe emotional or mental harm if required to participate in the trial or proceedings.” Perez at 207-8. This finding satisfies the requirements of such section (and appears to have made this holding in Perez dictum).
We now recede from the last quoted statement from Townsend I, because in that case we failed to consider the requirements of section 90.803(23) and held that incompetency is, in legal effect, the same as unavailability. We now think that was error.[5] We are also concerned about the quoted statement in Perez that suggests that hearsay evidence may somehow be better evidence than the direct evidence given by tjie declarant of the hearsay statement. The Perez statement implies that the direct evidence of the witness which the legislature has mandated the jury not be permitted to hear because of its inherent untrustworthiness, is somehow improved and made more believable (and therefore judicially determined to be admissible) by filtering it through hearsay testimony (often of biased and hostile witnesses). This inconsistency of logic can be resolved by recognizing as an “exception” to the section 90.603(2) exclusion any judicially determined credible testimony which does not depend on the witness’s ability to understand the obligation to tell the truth.
Perez presents another problem. The Perez analysis of the effect of the child’s incompetence under section 90.603(2) as it applies to the introduction of the child’s testimony under section 90.803(23), because it was not an issue in Perez, did not discuss the fact that the legislature mandated that a condition precedent to the introduction of the testimony is that the child testify or be unavailable. The court therefore did not indicate where section 90.603(2) incompetency fits into the 90.804(1) definitions of unavailability. Section 90.803(23) requires the court to first find unavailability before it even considers the statement’s reliability under the “time, content and circumstances” test. The Perez opinion could be read to suggest that the “time, content and circumstances” test can substitute for the unavailability requirement if the child is held incompetent. If that is the holding of Perez (even if dictum) then our analysis is *538 wrong. We certify this issue to the supreme court.
In White v. Illinois, — U.S. -, 112 5.Ct. 736, 116 L.Ed.2d 848 (1992) the court permitted the hearsay statements of the child under the “spontaneous declaration” and “medical examination” exceptions to the hearsay rule even though the child was available but did not testify. Both these exceptions are “firmly rooted” in the law of evidence and carry sufficient indicia of reliability to satisfy the reliability requirements of the Confrontation Clause. Indeed, the Florida Evidence Code specifically provides that the availability of the de-clarant is immaterial[6] in the application of these exceptions. But neither of these exceptions was held applicable to our case. Rather the court relied on a new exception that is neither “firmly rooted” nor is statutorily permitted if the child is available but does not testify.
We find also that the procedure used in this case may have violated Townsend’s rights under the Confrontation Clause of the Sixth Amendment as interpreted by the Supreme Court in Idaho v. Wright, 497 U.S. 805, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990):[7]
The theory of the hearsay rule ... is that the many possible sources of inaccuracy and untrustworthiness which may lie underneath the bare untested assertion of a witness can best be brought to light and exposed, if they exist, by the test of cross-examination. But this test or security may in a given instance be superfluous; it may be sufficiently clear, in that instance, that the statement offered is free enough from the risk of inaccuracy and untrustworthiness, so that the test of cross-examination would be a work of supererogation.
Wright, 497 U.S. at 819, 110 S.Ct. at 3149.
Although the Supreme Court recognized that spontaneity and consistent repetition are factors properly relating to whether a child’S statements are reliable, the Court also noted:
Although the spontaneity of the statement and the change in demeanor suggest that the younger daughter was telling the truth when she made the statement, we note that it is possible that “[i]f there is evidence of prior interrogation, prompting, or manipulation by adults, spontaneity may be an inaccurate indicator of trustworthiness.”
Id. 497 U.S. at 826-27, at 3152.
In the present case, because the trial court ruled that the child was an incompetent witness, the defense was not permitted to question the child. It could not, by cross-examination or otherwise, inquire of the child whether she had been coached or manipulated to make these statements. Clearly, under the record before us, it is not clear from the surrounding circumstances that the truthfulness of the declar-ant’s statements was so established that cross-examination would be of marginal utility.
We certify the following question: DOES A FINDING OF INCOMPETENCY TO TESTIFY BECAUSE ONE IS UNABLE TO RECOGNIZE THE DUTY AND OBLIGATION TO TELL THE TRUTH SATISFY THE LEGISLATIVE “TESTIFY OR BE UNAVAILABLE” REQUIREMENT OF SECTION 90.-803(23)(a)(2)?
The judgment is REVERSED and this cause REMANDED to the trial court for a new trial. Before trial, the court shall revisit the issue of whether the child may be unavailable because of the likelihood of severe mental or emotional harm if she testifies. If the court finds that the child is unavailable, then in considering the “time, content and circumstances” of the statements (the court’s specific findings should be a part of the record, not merely based on a stated “time, content and circumstances” standard) the court should also consider whether such statements are *539 clothed with such reliability that the defendant’s right to confrontation is superfluous.
GOSHORN, C.J., and DAUKSCH, COWART and PETERSON, JJ., concur.
COBB, J., concurs specially in result only, with opinion.
W. SHARP, J., concurs specially, with opinion.
GRIFFIN, J., concurs specially in result only, with opinion.
DIAMANTIS, J., concurs specially, with opinion.

. The medical evidence was, at best, inconclusive.

. On our original remand, the trial court was invited to ignore the issue of the availability of the child and to consider only whether the hearsay statements were “credible.” This record, however, does not inform us of the facts that the court found to justify its determination that the hearsay testimony was credible. Although the court indicated that it used the "time, content and circumstances" standard, the underlying facts remain a mystery making appellate review extremely difficult, if not impossible.
While the State urges that certain testimonial “facts” justify the court’s determination, we do not know which testimony the court accepted as credible and what facts, if any, it found were properly established by the record.

. It is erroneous in the sense that such statements should not be admitted under section 90.803(23)(a)(2) as indicated by Townsend I. There might be other hearsay exceptions that could apply but none were established in this record.

. Is Justice Ehrlich indicating in the underlined portion of the quote that the court is establishing a new, distinct exception to the hearsay rule? In such case, reliance on section 90.-803(23) is unnecessary. Or is he merely indicating that if the hearsay statement is admissible under some recognized exception which does not require that the witness have the ability to perceive the concept of "truth", then there is no obligation for the court to make a determination of competency under section 90.603(2)? It appears to be the latter because "time, content *537 and circumstances” is the legislative language chosen for section 90.803(23); however, this standard to determine credibility in this exception only applies if the child testifies or is unavailable. The legislature in the same section seems to exclude those disqualified under section 90.603(2) from being considered "unavailable”.
If the statements had been offered under other exceptions to the hearsay rule which do not require the unavailability of the declarant as a condition precedent (i.e., spontaneous statement, excited utterance, neither of which seem to apply in this case since such exceptions require that the statements be made during the event or shortly thereafter) then the "time, content and circumstances” standard might prove helpful in determining whether such exception is applicable.

. Section 90.803(23)(a)(2) requires that before any hearsay may be received under such section, the child must either testify or be unavailable. The legislature had determined what unavailability means;
1.That the child’s participation as a witness would result in a likelihood of serious emotional or mental harm; or that such witness
2. is exempted from testifying because of a privilege;
3. refuses to testify despite an order to do so;
4. has suffered a lack of memory of the subject matter.
5. is unable to be present because of death or a then existing physical or mental illness or infirmity, or
6. is absent and the proponent of the testimony is unable to procure such witness's presence.
We find the fact that a witness has been declared incompetent under section 90.603(2) meets none of the listed reasons for a determination of unavailability. We acknowledge that an incompetent witness is not permitted to testify but that is not legislatively recognized as being “unavailable” under section 90.-803(23)(a)(2). And we think for good reason. To automatically permit the hearsay statements of one who does not understand the duty to tell the truth is not so free from risk of inaccuracy that the right to cross examination can be constitutionally ignored.

. § 90.803, Fla.Stat. (1991).

. In reading Wright, the reader should be aware that the Idaho statute does not require the testimony or unavailability of the witness as a condition precedent to the admissibility of hearsay evidence as our statute does.