COBB, Judge,
concurring specially, in result only.
The majority herein contends that our opinion in State v. Townsend, 556 So.2d 817 (Fla. 5th DCA 1990) (Townsend I) erroneously found that a minor’s incompetence to testify (owing to inability to understand the duty to tell the truth because of chronological age) equates with the statutory exception in section 90.803(23)(a), Florida Statutes (1987)[1] relating to unavailability— i.e., a mental infirmity existing at time of trial. Our holding in Townsend I, however, comports with language in the recent opinion of the United States Supreme Court in Idaho v. Wright, 497 U.S. 805, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990), and with the opinion of the Florida Supreme Court in Perez v. State, 536 So.2d 206 (Fla.1988), cert. denied, 492 U.S. 923, 109 S.Ct. 3253, 106 L.Ed.2d 599 (1989).
Moreover, we were correct to reverse in Townsend I based upon the trial court’s express factual finding which clearly misstated the testimony of the child psychologist at the evidentiary hearing in regard to the prospect of emotional damage to the child which would result from her compelled appearance and testimony at trial in the presence of her father, the accused. Had this testimony been credited, rather than misconstrued, by the trial court, it provided a statutory basis for invoking a hearsay exception pursuant to section 90.-803(23)(a) based upon the child witness’s unavailability.
Upon remand after our opinion in Townsend I, the trial court held an evidentiary hearing and determined that certain hearsay statements by the child were admissible. In ruling that these hearsay statements were admissible, the trial court merely stated in conclusory language that “I’m going to find that the time, content and circumstances of certain statements provides [sic] sufficient safeguards of reliability.” This does not comport with the requirement of section 90.803(23)(c): “The court shall make specific findings of fact, on the record, as to the basis for its ruling under this sub-section.” Moreover, my review of the record indicates that none of the hearsay statements herein at issue falls within a “firmly rooted hearsay exception,” and, as indicated in the majority opinion, it *540 is difficult to find from that record that any such statement is endowed with “particularized guarantees of trustworthiness” to the extent that “adversarial «testing would add little to its reliability." See Wright, 497 U.S. at 817-819, 110 S.Ct. at 3148, 3149.
Although I disagree with the reasoning of the majority opinion, I concur that this case should be reversed for a new trial. That new trial should comport with the statutory provisions of section 90.803(23) and the constitutional tenets outlined in Idaho v. Wright.

. That statute provided:
(23) HEARSAY EXCEPTION; STATEMENT OF CHILD VICTIM OF SEXUAL • ABUSE OR SEXUAL OFFENSE AGAINST A CHILD.—
(a) Unless the source of information or the method or circumstances by which the statement is reported indicates a lack of trustworthiness, an out-of-court statement made by a child victim with a physical, mental, emotional, or developmental age of 11 or less describing any act of child abuse, sexual abuse, or any other offense involving an unlawful sexual act, contact, intrusion, or penetration performed in the presence of, with, by, or on the declarant child, not otherwise admissible, is admissible in evidence in any civil or criminal proceeding if:
1. The court found in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability. In making its determination, the court may consider the mental and physical age and maturity of the child, the nature and duration of the abuse or offense, the relationship of the child to the offender, the reliability of the assertion, the reliability of the child victim, and any other factor deemed appropriate; and
2. The child either:
a. Testifies; or
b. Is unavailable as a witness, provided that there is other corroborative evidence of the abuse or offense. Unavailability shall include a finding by the court that the child’s participation in the trial or proceeding would result in a substantial likelihood of severe emotional or mental harm, in addition to findings pursuant to s. 90.804(1).