ON MOTION TO CORRECT RECORD AND FOR CLARIFICATION OF OPINION

HALL, Judge.
George Cherryhomes appeals his conviction of capital sexual battery of his daughter. He contends the trial judge erred in admitting into evidence at his trial the hearsay statements of his daughter, who was seven years of age at the time she made the statements, that he had made sexual contact with her. He also contends there was no basis for the admission into evidence of his inculpatory statement to the police. We agree and reverse.
At trial, the victim, who was then nine years of age, was asked a series of questions by the prosecutor and defense counsel regarding whether she understood what the truth is. The victim stated that she did not know what the truth is and she did not know that she must tell things the way they really are. Upon request of defense counsel, the trial judge ruled that the victim was incompetent to testify, § 90.603(2), Fla.Stat. (1989), and that she was therefore unavailable to testify, 90.803(23)(a)2.b., Fla.Stat. (1989). Consequently, the trial judge allowed, over objection of defense counsel, the victim’s grandmother and a detective to testify that the victim told them that “Daddy put his ding-dong in my hoo-hoo.” The judge also allowed one of the victim’s teachers to testify that the victim told her, “Daddy tried to stick his ding-dong in my woo-woo.” The trial judge further ruled that this testimony established the corpus delicti of the crime of capital sexual battery. The judge therefore ruled that Cherryhomes’ inculpatory statement to a detective that he had caused the union of his and the victim’s sexual organs could be admitted into evidence as other corroborative evidence of the offense.
In addition to the testimony of the grandmother, the teacher, and the detective to whom Cherryhomes made his inculpatory statement, the jury heard the testimony of Dr. Mark Morris. He performed a physical examination of the victim and found no physical signs of sexual abuse. Dr. Morris stated that the lack of physical signs of abuse did not negate the possibility that such abuse occurred.
The jury found Cherryhomes guilty after deliberating for an hour, and he was sentenced to life imprisonment with a twenty-five year minimum mandatory.
Section 90.803(23), Florida Statutes (1989), governs the admissibility of hearsay statements of a child victim of sexual abuse. It provides that the statements are admissible if:
1. The court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability.... and
2. The child either:
a. Testifies; or
b. Is unavailable as a witness, provided that there is other corroborative evidence of the abuse or offense. Unavailability shall include a finding by the court that the child’s participation in the trial or proceeding would result in a substantial likelihood of severe emotional or mental harm, in addition to findings pursuant to s. 90.804(1).
Section 90.804(1) provides the following definitions of unavailability as a witness:
(a) Is exempted by a ruling of a court on the ground of privilege from testifying concerning the subject matter of his statement;
(b) Persists in refusing to testify concerning the subject matter of his statement despite an order of the court to do so;
(c) Has suffered a lack of memory of the subject matter of his statement so as to destroy his effectiveness as a witness during the trial;
*987 (d) Is unable to be present or to testify at the hearing because of death or because of then existing physical or mental illness or infirmity; or
(e) Is absent from the hearing, and the proponent of his statement has been unable to procure his attendance or testimony by process or other reasonable means.
Thus, before a trial judge may allow the hearsay statements of a child victim who does not testify at trial to be admitted into evidence pursuant to section 90.803(23), she must find in a hearing outside the presence of the jury that the circumstances of the statements provide sufficient safeguards of reliability; she must find that the child’s participation in the proceedings would result in a substantial likelihood of severe emotional or mental harm; and, she must find that the victim was unavailable according to one or more of the definitions in section 90.804(1), provided there is other corroborative evidence of abuse.
The trial judge in this case found in a hearing prior to trial that the circumstances of the hearsay statements the victim made to her grandmother, her teacher, and the detective indicated their reliability, and she entered an order incorporating this finding. In the order, the judge also found that the victim was at that time not unavailable and that the hearsay statements would therefore be admissible at trial after the victim testified. § 90.803(23)2.a. At the trial, however, the judge found the victim incompetent to testify and ruled that she was thus unavailable to testify. In so ruling, the judge failed to make a finding, as required by section 90.803(23)2.b., that the victim’s participation in the trial was likely to cause severe emotional or mental harm. That failure notwithstanding, the judge’s finding that the victim was unavailable to testify because she was incompetent to testify was erroneous. Townsend v. State, 613 So.2d 534 (Fla. 5th DCA 1993) (Townsend II), review granted, State v. Townsend, 624 So.2d 268 (Fla.1993).
In Townsend II, the Fifth District receded from its opinion in State v. Townsend, 556 So.2d 817 (Fla. 5th DCA 1990) (Townsend I), in which it had determined that the stipulation that the child victim’s inability to understand the duty to tell the truth met the then existing physical illness or infirmity definition of unavailability. In Townsend II, the Fifth District found that
the fact that a witness has been declared incompetent under section 90.603(2) meets none of the listed reasons for a determination of unavailability. We acknowledge that an incompetent witness is not permitted to testify but that is not legislatively recognized as being “unavailable” under section 90.803(23)(2)(a). And we think for good reason. To automatically permit the hearsay statements of one who does not understand the duty to tell the truth is not so free from risk of inaccuracy that the right to cross examination can be constitutionally ignored.
Id. at 537 n. 5.[1]
We agree with the Fifth District that there is good reason that the legislature did not define unavailable as a witness to include being disqualified as a witness under section 90.603(2). We believe the instant case reveals the merits of that reason because we believe the victim’s lack of understanding of what the truth is casts grave doubt on the reliability of her hearsay statements to her grandmother and teacher. Although section 90.803(23)(a)l. requires the trial judge to conduct a hearing to determine whether the circumstances of those statements provided sufficient safeguards of reliability, we believe that admission of the hearsay statements of a witness who is unable to understand the duty to tell the truth raises serious concerns regarding a defendant’s rights under the confrontation clause. However, in Townsend II, the Fifth District, characterizing the following statement in Perez v. State, 536 So.2d 206, 210-211 (Fla.1988), cert, denied, 492 U.S. 923, 109 S.Ct. 3253, 106 L.Ed.2d 599 (1989), as dictum, noted that it could be read to suggest that the supreme court is of a contrary belief:
*988 We reject the argument that the child must be found to be competent to testify before the child’s out-of-court statements may be found to bear sufficient safeguards of reliability. Section 90.603(2), Florida Statutes (1985), provides that ‘[a] person is disqualified to testify as a witness when the court determines that he is ... [ijncapable of understanding the duty of a witness to tell the truth.’ A young child generally does not understand abstract concepts such as duty, truth or lie. The fact that a child is incompetent to testify at trial according to section 90.603(2) does not necessarily mean that the child is unable to state the truth. The requirement that the trial court find that the time, content, and circumstances of the statement provide sufficient safeguards of reliability furnishes a sufficient guarantee of trustworthiness of the hearsay statement, obviating the necessity that the child understand the duty of a witness to tell the truth.
The Fifth District was of the belief that this statement could be interpreted to suggest that the time, content, and circumstances test can substitute for the unavailability requirement if the child is held incompetent to testify, thereby invalidating its analysis in Townsend II. Consequently, it certified the following question to the supreme court:
DOES A FINDING OF INCOMPETENCY TO TESTIFY BECAUSE ONE IS UNABLE TO RECOGNIZE THE DUTY AND OBLIGATION TO TELL THE TRUTH SATISFY THE LEGISLATIVE ‘TESTIFY OR BE UNAVAILABLE’ REQUIREMENT OF SECTION 90.803(23)(a)(2)?
613 So.2d at 538. Due to the concerns we have expressed in this opinion and the importance of this issue, we also certify the above question to the supreme court.
Since the trial court erroneously determined that the victim was unavailable to testify because she was incompetent to testify, see Townsend II, and since the victim did not testify, all of the prerequisites for admission of the child victim’s hearsay statements were not met. § 90.803(23)(a). The trial court therefore erred in admitting the statements into evidence at trial. Without the hearsay statements, the corpus delicti of capital sexual battery was not established, and therefore, it was also error to admit Cherry-homes’ inculpatory statement to the police. Consequently, Cherryhomes’ conviction must be reversed and this case remanded for a new trial.
CAMPBELL, A.C.J., concurs.
PARKER, J., concurs specially.

. Townsend. I and II were interpreting the 1987 version of section 90.803, whereas this case is governed by the 1989 version of that statute. The 1989 statute contains minor modifications of the 1987 statute, but they do not affect the concerns, analysis, or holding of this case.