459 So.2d 1088 (1984)
Richard N. NAZARETH, M.D., Appellant,
v.
Carolyn SAPP and James Sapp, Her Husband, Appellees.
No. 83-1293.
District Court of Appeal of Florida, Fifth District.
November 1, 1984.
Rehearing Denied December 6, 1984.
Ronald L. Harrop of Gurney & Handley, P.A., Orlando, for appellant.
T.G. LaGrone, Orlando, for appellees.
COBB, Chief Judge.
Following a jury trial resulting in a defense verdict, the trial judge granted the *1089 plaintiffs' motion for new trial based upon his perception of trial misconduct by defense counsel. The trial court found:
That a new trial should be granted in this cause on the grounds (1) that the jury's verdict was influenced by matters outside the record; including the personal opinions of defense counsel; (2) the improper appeals of counsel for the Defendant to the jury's emotions and prejudices which so permeated the jury's decision by its cumulative effects to result in a miscarriage of justice; (3) that this Court erred in not sustaining the objection of Plaintiffs to the "afflication of litigiousness" argument of defense counsel, and failing to admonish the jury to disregard any such appeal; and (4) the totally unsupported assertions and closing argument by defense counsel of false issues, including specifically an assertion of collusion, subornation of perjury and extortion.
This determination is based upon the Court's personal observation of the trial and the conduct of counsel for five (5) days made in the face [of] countless admonitions and warnings to counsel to conduct the trial with propriety.
We have reviewed the record and find that it amply supports the findings of the trial judge and his order granting a new trial. It is true, as argued on appeal, that many of the prejudicial remarks made by Attorney Handley in closing argument escaped objection below. But the law of Florida is to the effect that "if the prejudicial conduct in its collective import is so extensive that its influence pervades the trial, gravely impairing a calm and dispassionate consideration of the evidence and the merits by the jury, a new trial should be awarded regardless of the want of objection." [Emphasis in original.] Tyus v. Apalachicola Northern Railroad Co., 130 So.2d 580, 587 (Fla. 1961).
AFFIRMED.
DAUKSCH and FRANK D. UPCHURCH, Jr., JJ., concur.