Ervin Devere **ELLISON**, Appellee,

v.

Stephen H. **SACHS**, Attorney General of the State of Maryland, Appellant.

**Public Defender for the State of Maryland, Amicus Curiae.**

No. 84–6258.

United States Court of Appeals, Fourth Circuit.

Argued May 9, 1985.

Decided Aug. 2, 1985.

---

Carmina Szunyog Hughes, Asst. Atty. Gen., Baltimore, Md., for appellant.

Barnet D. Skolnik (Marc Seldin Rosen; Whiteford, Taylor, Preston, Trimble & Johnston, Baltimore, Md., on brief), for appellee. (Alan H. Murrell, Public Defender, Julia Doyle Bernhardt, George E. Burns, Jr., Asst. Public Defenders, Baltimore, Md., on brief), for amicus curiae.

Before MURNAGHAN, ERVIN and SNEEDEN, Circuit Judges.

MURNAGHAN, Circuit Judge:

Ervin D. Ellison was convicted by a jury in Prince George's County, Maryland of a second degree sexual offense. In obtaining a conviction, the prosecution relied heavily on out-of-court hearsay statements by the five year old victim who was ruled incompetent to testify at trial by the state judge. Despite the ruling, a police detective testified, over objections, to the victim's extrajudicial statements and identification of Ellison. The state appellate courts affirmed Ellison's conviction.

On collateral review pursuant to 28 U.S.C. § 2254, the United States District Court for the District of Maryland granted Ellison's petition for a writ of *habeas corpus*. The district court found that the victim's out-of-court identification and statements were not reliable and therefore held that the admission of hearsay violated Ellison's Sixth Amendment right to confront the witnesses against him.[1] After reviewing the entire record and applicable legal authority, we conclude that the district court's opinion properly resolved the confrontation clause issues in favor of Ellison. Accordingly, we affirm for the reasons set forth therein. *Ellison v. Sachs*, 583 F.Supp. 1241 (D.Md.1984).

One aspect of the district court's opinion warrants emphasis and clarification. Although the five year old victim was unavailable to testify at trial, her out-of-court statements had been subject to limited cross-examination at a preliminary suppression hearing. The state argues that Ellison's decision not to cross-examine the victim fully at the preliminary hearing was tactical and cannot be a basis for a subsequent constitutional attack on an otherwise valid conviction.[2] In essence, the state argues that the confrontation at the suppression hearing satisfied fully the dictates of the Sixth Amendment. We agree with the district court's approach to the problem. The transcript from the preliminary hearing was ruled inadmissible as a matter of state law and the cross-examination, however limited, was not before the jury.[3] More importantly, the test under the confrontation clause is not solely whether there was a meaningful opportunity to cross-examine the declarant at some point prior to trial. *See Haywood v. Wolff*, 658 F.2d 455, 463 & n. 14 (7th Cir.1981), *cert. denied*, 454 U.S. 1088, 102 S.Ct. 649, 70 L.Ed.2d 625 (1981). Rather, where the

---

**1.** *See Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980); *California v. Green*, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970).

**2.** *Cf. United States v. Zurosky*, 614 F.2d 779 (1st Cir.1979), *cert. denied*, 446 U.S. 967, 100 S.Ct. 2945, 64 L.Ed.2d 826 (1980).

**3.** For this reason, the jury had no basis to evaluate the truth of the extrajudicial statements made by the victim to the police detective.

declarant is unavailable to testify at trial,[4] her statement is admissible only if there are adequate "indicia of reliability" to justify submitting the hearsay to the jury. *See Ohio v. Roberts*, 448 U.S. at 66, 100 S.Ct. at 2539; *Dutton v. Evans*, 400 U.S. 74, 89, 91 S.Ct. 210, 219, 27 L.Ed.2d 213 (1970). Thus, although the Sixth Amendment preserves the right of face to face confrontation, *Ohio v. Roberts* teaches that, where there are circumstances assuring the accuracy of hearsay, cross-examination is not talismanic of constitutional guarantees.

Here, however, as the district court documented in careful detail, there are serious discrepancies which indicate that the victim's out-of-court statements and identification of Ellison were not at all reliable. The obvious limitations in observation, expression and understanding of a five year old help explain the various discrepancies in her descriptions. But they also underscore the care with which courts must approach the question of introducing such hearsay, particularly when largely untested by cross-examination.

■ In contrast to the identification itself, we find no "inherent unreliability" in the victim's out-of-court statement, corroborated by physical evidence, that a sexual assault occurred. Indeed, several courts and commentators have observed that a young child's description of a sexual assault may, in particular circumstances, contain its own inherent verity. *See, e.g., United States v. Nick*, 604 F.2d 1199 (9th Cir.1979). *See also* Note, *The Testimony of Child Victims in Sex Abuse Prosecutions*, 98 Harv.L.Rev. 806 (1985). Here, we have no occasion to chart the instances where such hearsay might contain its own

particular guarantee of trustworthiness. It is controlling, however, to note in the present case that, where her identification was the sole evidence of the perpetrator's identity, the victim's testimony contained no sufficient assurance of accuracy.[5]

Therefore, we agree with the district court that the basis for Ellison's conviction is at odds with the values preserved by the confrontation clause—to advance "the accuracy of the truth determining process in criminal trials." *Dutton v. Evans*, 400 U.S. at 89, 91 S.Ct. at 220.

AFFIRMED.

SNEEDEN, Circuit Judge, concurring specially:

I agree with Judge Murnaghan's conclusion that the admission of the hearsay statements of the child victim, who was found incompetent to testify, violated this defendant's Sixth Amendment right to confront the witnesses against him. In fact, I find myself in accord with the Court's opinion in all respects, but for one sentence. It is only out of abundance of caution not to mislead that I do not join completely. I concur separately to set out my own views on the following language in the Court's opinion: "It is controlling, however, to note in the present case that, where her identification was the sole evidence of the perpetrator's identity, the victim's testimony contained no sufficient assurance of accuracy."

We do not need to reach the issue of whether there must be corroborating evidence of a hearsay identification of the perpetrator by a child witness. It is not my wish to join in language which could be

4. We agree with the district court that the declarant, although physically present in the courtroom, was not "available" to testify at trial because she was declared incompetent to do so.

5. With the increase in reporting of sexual abuse of the young has come a growing number of cases involving child-victims as witnesses in criminal trials. *See* Note, *supra* at 806. The reliability problem inherent in child-victim testimony in sexual abuse cases has become so wide-

spread that a number of states have embarked on legislative solutions to the problem. *See* Ariz.Rev.Stat.Ann. § 13–1416 (1984 Supp.); Colo.Rev.Stat. § 13–25–129 (1984 Supp.); Kan. Stat.Ann. § 60–460(dd) (1983); Minn.Stat. § 595.02(3) (1984); Utah Code Ann. § 76–5–411 (1983 Supp.); Wash.Rev.Code Ann. § 9A.44.120 (1985 Supp.). A determination of the reliability and trustworthiness of hearsay statements for constitutional purposes must, of course, proceed on a case by case basis.

interpreted to require such corroboration in future cases not before me.

I am satisfied to join the district court which held that, considering the record as a whole, there were insufficient "particularized guarantees of trustworthiness," as required by *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), to ensure that the hearsay statements were reliable, and I would affirm solely on that ground.