635 So.2d 949 (1994)
STATE of Florida, Petitioner,
v.
Jack Timothy TOWNSEND, Respondent.
No. 81263.
Supreme Court of Florida.
April 21, 1994.
*951 Robert A. Butterworth, Atty. Gen., and Barbara C. Davis and Kellie A. Nielan, Asst. Attys. Gen., Daytona Beach, for petitioner.
James G. Kontos of the Law Firm of Daniel S. Ciener, Merritt Island, for respondent.
OVERTON, Justice.
We have for review Townsend v. State, 613 So.2d 534 (Fla. 5th DCA 1993) (Townsend II), which concerns the admissibility of a two-year-old's hearsay statements in this child-sexual-abuse case. This issue involves a relatively new area of the law in which the legislature and the courts are attempting to provide a means for admitting a child's hearsay testimony at trial, particularly in child abuse cases. Before the enactment of the child hearsay exception at issue in this case, section 90.803(23), Florida Statutes (1987), the hearsay testimony of a child was generally excluded in criminal trials. Today, this type of testimony is allowed only after a determination has been made that the testimony is clearly reliable. Such a determination is necessary to avoid violating a defendant's constitutional rights of confrontation and due process.
In the instant case, the Fifth District Court of Appeal succinctly articulated the difficulty of admitting this type of testimony *952 by noting that the respondent "is either guilty of one of the most heinous offenses enjoined by civilized society  the sexual abuse of his own child  or is the hapless victim of the most vicious child manipulation coming in the midst of a bitter and recriminating domestic battle." Id. at 534-35. In its decision, the district court found the child's testimony to be inadmissible, granted a new trial, and certified the following question as one of great public importance:
DOES A FINDING OF INCOMPETENCY TO TESTIFY BECAUSE ONE IS UNABLE TO RECOGNIZE THE DUTY AND OBLIGATION TO TELL THE TRUTH SATISFY THE LEGISLATIVE "TESTIFY OR BE UNAVAILABLE" REQUIREMENT OF SECTION 90.803(23)(a)(2)?
Id. at 538. We have jurisdiction pursuant to article V, section 3(b)(4), of the Florida Constitution. For the reasons expressed, we answer the question in the affirmative. Accordingly, we disagree with the district court's holding in Townsend II that the child was not "unavailable" for purposes of section 90.803(23)(a)(2), Florida Statutes (1987), the child hearsay exception. Given the other errors in this case, however, we approve the district court's decision to remand this cause for a new trial.
This case concerns Jack Timothy Townsend's conviction of sexual battery on his two-year-old daughter in 1988. At the time of the incident in question, Townsend and the child's mother had separated and divorce proceedings were in progress, and the child was living with her mother and her maternal grandparents but was spending alternate weekends with Townsend. On several occasions, the child allegedly told her mother that "Papa stuck his finger in my [vagina]." Thereafter, the mother reported the child's allegations to the Department of Health and Rehabilitative Services. The Department of Health and Rehabilitative Services then conducted an interview with the child and a medical doctor examined the child. Subsequently, charges were filed against Townsend.
Before trial, the State and the defense stipulated that the child was incompetent to testify under section 90.603, Florida Statutes (1987), due to her age.[1] After the State subsequently filed a notice of intent to introduce the child's statements as hearsay evidence, the trial judge determined that the child was not "unavailable" under section 90.803(23)(a)(2) because the child's incompetency met none of the definitions of unavailability contained in section 90.804, Florida Statutes (1987) (incorporated by reference into section 90.803(23)). The State appealed this ruling to the Fifth District Court of Appeal. The district court, relying in part on this Court's decision in Perez v. State, 536 So.2d 206 (Fla. 1988), cert. denied, 492 U.S. 923, 109 S.Ct. 3253, 106 L.Ed.2d 599 (1989), ruled that the child was in fact "unavailable" under the "existing physical or mental illness or infirmity" exception contained in section 90.804(1) because of the child's age and lack of understanding as to the duty or obligation to tell the truth. State v. Townsend, 556 So.2d 817 (Fla. 5th DCA 1990) (Townsend I).
After remand, the trial judge conducted a hearing pursuant to section 90.803(23) to determine whether the child's hearsay statements were sufficiently reliable to allow the admission of those statements at trial. In determining which statements were admissible, the trial judge listed each statement to be considered and summarily concluded, without explanation or factual analysis, that the circumstances surrounding most of the statements showed them to be trustworthy. The case then proceeded to trial.
At trial, the State presented a number of witnesses who testified as to hearsay statements made by the child during the year following the alleged abuse. Additionally, the medical doctor who examined the child after the alleged abuse testified that the *953 child's hymen was damaged in a manner consistent with penetration and that, in his opinion, the penetration was probably the result of sexual abuse. On cross examination, however, the doctor admitted that the child could have caused the damage herself.
A psychologist, who began treating the child nine months after the alleged abuse, testified as to a number of statements made by the child regarding the alleged abuse. Additionally, this psychologist testified that, in her opinion, the child had been "sexually over-stimulated" by an adult and that the child's statements to her were truthful. The psychologist also testified, based on her observations and based on statements she elicited from the child through the use of anatomical dolls, to facts indicating that Townsend was the person who had sexually abused the child. Significantly, other testimony was presented reflecting that a great deal of animosity existed between Townsend and the child's mother and maternal grandmother.
Townsend was convicted as charged. Townsend appealed the conviction to the Fifth District Court of Appeal. The district court issued a divided en banc decision in which the majority receded from Townsend I, holding that its reliance on Perez in Townsend I was misplaced and that incompetency under section 90.603 does not render a witness unavailable for purposes of section 90.803(23). The district court also noted that the admission of the child's statements at trial may have violated Townsend's rights under the confrontation clause of the Sixth Amendment of the United States Constitution. Based on its ruling as to the unavailability issue, the district court determined that the child's statements had been erroneously admitted as hearsay evidence at trial, and the district court remanded the case for a new trial. The district court directed the trial court to revisit the issue of whether the child could be "unavailable" because of severe mental or emotional harm rather than incompetency and, if the child was found to be unavailable for that reason, to make specific factual findings as to whether the child's statements were reliable. In rendering its decision, the district court certified the aforementioned question to this Court, seeking to determine whether the two-year-old child in this case was "unavailable," as that term is defined in section 90.804, for purposes of admitting the child's hearsay statements under section 90.803(23).

Child Hearsay  Allowable Under a Special Hearsay Exception
Section 90.803(23), the child-sexual-abuse-hearsay exception, was enacted to enable trustworthy and reliable statements not covered under any other hearsay exception to be admitted in court. Fla.S.Comm. on Judiciary-Civ., tape recording of proceedings (May 1, 1985) (Florida State Archives) (comments of Florida State University Law Professor Charles Ehrhardt). That section provides:
(23) HEARSAY EXCEPTION; STATEMENT OF CHILD VICTIM OF SEXUAL ABUSE OR SEXUAL OFFENSE AGAINST A CHILD. 
(a) Unless the source of information or the method or circumstances by which the statement is reported indicates a lack of trustworthiness, an out-of-court statement made by a child victim with a physical, mental, emotional, or developmental age of 11 or less describing any act of child abuse or neglect, sexual abuse, or any other offense involving an unlawful sexual act, contact, intrusion, or penetration performed in the presence of, with, by, or on the declarant child, not otherwise admissible, is admissible in evidence in any civil or criminal proceeding if:
1. The court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability. In making its determination, the court may consider the mental and physical age and maturity of the child, the nature and duration of the abuse or offense, the relationship of the child to the offender, the reliability of the assertion, the reliability of the child victim, and any other factor deemed appropriate; and
2. The child either:
a. Testifies; or
b. Is unavailable as a witness, provided that there is other corroborative evidence *954 of the abuse or offense. Unavailability shall include a finding by the court that the child's participation in the trial or proceeding would result in a substantial likelihood of severe emotional or mental harm, in addition to findings pursuant to s. 90.804(1).
(b) In a criminal action, the defendant shall be notified no later than 10 days before trial that a statement which qualifies as a hearsay exception pursuant to this subsection will be offered as evidence at trial. The notice shall include a written statement of the content of the child's statement, the time at which the statement was made, the circumstances surrounding the statement which indicate its reliability, and such other particulars as necessary to provide full disclosure of the statement. (c) The court shall make specific findings of fact, on the record, as to the basis for its ruling under this subsection.
(Emphasis added). For a hearsay statement to be admitted under this section, the statement must meet two specific reliability requirements: (1) the source of the information through which the statement was reported must indicate trustworthiness; and (2) the time, content, and circumstances of the statement must reflect that the statement provides sufficient safeguards of reliability. The legislature established these strict trustworthiness and reliability requirements to balance the need for reliable out-of-court statements of child abuse victims against the confrontation and due process rights of those accused of child abuse. Weatherford v. State, 561 So.2d 629 (Fla. 1st DCA 1990); Salter v. State, 500 So.2d 184 (Fla. 1st DCA 1986). Specifically, the first requirement was added to ensure a careful examination of the source, particularly when, as in the instant case, the circumstances involve marital discord between the child's parents and the possibility exists that one parent might be using the child to seek some advantage over the other parent. Charles W. Ehrhardt, Florida Evidence § 803.23, at 652 (1993 ed.). Further, in enacting this exception to the hearsay rule, the legislature was making clear that the admission of a child victim's hearsay statements under this exception would not be allowed absent clear indications of reliability. As discussed later in this opinion, the reliability requirements of this statute are essential in assuring the constitutionality of this exception.

The Unavailability Requirements of Sections 90.803(23) and 90.804(1)

In addition to these strict reliability requirements, the hearsay statement of a child victim is considered admissible under section 90.803(23) only if the child testifies or is judicially found to be unavailable as a witness. A child is "unavailable" as a witness if the court finds, based on expert testimony, that a substantial likelihood exists that the child will suffer severe emotional or mental harm if the child testifies or finds that the child falls within one of the definitions for unavailability set forth in section 90.804(1).
Section 90.804(1) provides that a witness is unavailable for purposes of admitting a hearsay statement if the witness:
(a) Is exempted by a ruling of a court on the ground of privilege from testifying concerning the subject matter of his statement;
(b) Persists in refusing to testify concerning the subject matter of his statement despite an order of the court to do so;
(c) Has suffered a lack of memory of the subject matter of his statement so as to destroy his effectiveness as a witness during the trial;
(d) Is unable to be present or to testify at the hearing because of death or because of then existing physical or mental illness or infirmity; or
(e) Is absent from the hearing, and the proponent of his statement has been unable to procure his attendance or testimony by process or other reasonable means.
(Emphasis added.)
As previously indicated, the child's hearsay statements in this case were admitted based on the district court's ruling in Townsend I that the child was "unavailable" under section 90.804(1)(d) due to incompetency. In Townsend II, however, the district court reversed itself, finding that incompetency was not the equivalent of unavailability for purposes of admitting the child's statements under *955 section 90.803(23), and, as such, that the child's statements should not have been admitted at trial. The district court reached this conclusion by determining that the reference in section 90.804(1) to "`then existing ... mental ... infirmity'" requires that the mental condition of the declarant must have arisen after the purported hearsay statement was made. The district court also noted that incompetency is not a specifically enumerated definition for unavailability under section 90.804(1). In making these findings, the district court distinguished this Court's discussion of competency and unavailability in Perez.
In Perez, we specifically stated that a child need not be found competent to testify before that child's out-of-court statements could be found to bear sufficient safeguards of reliability to enable admission of that statement at trial.
The fact that a child is incompetent to testify at trial according to section 90.603(2) does not necessarily mean that the child is unable to state the truth. The requirement that the trial court find that the time, content, and circumstances of the statement provide sufficient safeguards of reliability furnishes a sufficient guarantee of trustworthiness of the hearsay statement, obviating the necessity that the child understand the duty of a witness to tell the truth.
Perez, 536 So.2d at 211. In Perez, however, we did not specifically address whether incompetency fell within any of the definitions of unavailability set forth in section 90.804(1). It was on that issue that the district court distinguished Perez from the instant case. Consequently, we now address that issue.
As noted by the district court, section 90.804(1)(d) provides that a declarant is unavailable if the declarant cannot testify because of a "then existing physical or mental illness or infirmity." Although the "then existing" language of the statute does refer to an infirmity existing at the time the witness is to testify, we find, contrary to the district court's interpretation, that an infirmity under that section need not arise after a hearsay statement was made in order for the declarant to be "unavailable." The district court's evaluation of the statute assumes that the witness must have been competent at the time the hearsay statements were made; however, as we stated in Perez, it is the particularized guarantees of trustworthiness that ensure the reliability of a statement, not the competency of the witness making the statement. Federal and other state courts that have considered similar statutory provisions overwhelmingly agree. See Gregory v. North Carolina, 900 F.2d 705, 707 n. 6 (4th Cir.) (incompetency equals unavailability under rule 804 of the Federal Evidence Code), cert. denied, 498 U.S. 879, 111 S.Ct. 211, 112 L.Ed.2d 171 (1990); United States v. Dorian, 803 F.2d 1439 (8th Cir.1986) (witness who testified but was too young and frightened to be subjected to meaningful direct examination was unavailable for all practical purposes); Ellison v. Sachs, 769 F.2d 955, 957 n. 4 (4th Cir.1985) (victim, although present, was unavailable because she was declared incompetent given her young age); Haggins v. Warden, 715 F.2d 1050 (6th Cir.1983) (because the declarant was ruled incompetent to testify, she was clearly unavailable under the Federal Evidence Code), cert. denied, 464 U.S. 1071, 104 S.Ct. 980, 79 L.Ed.2d 217 (1984); Government of Virgin Islands v. Riley, 754 F. Supp. 61, 64 (D.V.I. 1991) (even though incompetency is not an enumerated basis for unavailability under rule 804, an incompetent witness is unavailable for purposes of that provision; "[t]he literal language of rule 804(a) suggests that the definition of unavailability is illustrative rather than exhaustive"); People v. Bowers, 801 P.2d 511 (Colo. 1990) (a finding that a child is incompetent to testify does not necessarily impair any particularized guarantees of reliability that otherwise inhere in the child's hearsay statement); People v. Hart, 214 Ill. App.3d 512, 158 Ill.Dec. 103, 573 N.E.2d 1288 (child who was deemed incompetent to testify due to age was unavailable to testify within meaning of statute), abrogated on other grounds, People v. Schott, 145 Ill.2d 188, 164 Ill.Dec. 127, 582 N.E.2d 690 (1991); State v. Lanam, 459 N.W.2d 656 (Minn. 1990) (text of federal and state provisions are almost identical and, under the statute, incompetency equals unavailability), cert. denied, 498 U.S. 1033, 111 S.Ct. 693, 112 L.Ed.2d 684 (1991); *956 State v. Deanes, 323 N.C. 508, 374 S.E.2d 249 (1988) (the unavailability of a child witness in a sexual abuse trial due to incompetency adequately demonstrates the necessity for using the child's hearsay declaration), cert. denied, 490 U.S. 1101, 109 S.Ct. 2455, 104 L.Ed.2d 1009 (1989); but see State v. Ryan, 103 Wash.2d 165, 691 P.2d 197 (1984) (unavailability and incompetence are not the same because they serve different purposes; if a declarant is incompetent, then the statement is too unreliable). We agree with the majority position and find that an incompetent witness is an unavailable witness within the meaning of section 90.804(1)(d)'s existing mental infirmity requirement. We conclude that a finding of incompetency to testify because one is unable to recognize the duty and obligation to tell the truth satisfies the "testify or be unavailable" requirement of section 90.803(23). This does not mean, however, that a trial judge should not look to the competency of the child in determining whether the hearsay statements of the child are otherwise admissible. To the contrary, as explained in the discussion that follows, the competency of the child is a factor that should be considered in determining the trustworthiness and reliability, and thus the admissibility, of hearsay statements attributable to the child. Having answered the certified question in the affirmative, we turn to the confrontation clause concerns raised by Townsend and the district court.

Constitutional Confrontation Clause Requirements
Townsend argues that, even if we answer the certified question in the affirmative, he is still entitled to a new trial because the admission of the child's statements violated his right to confrontation under the Sixth Amendment to the United States Constitution and article I, section 16, of the Florida Constitution. Essentially two issues arise in this case under the confrontation clause: (1) whether the requirements of section 90.803(23) are sufficient to comply with the confrontation clause requirements of the federal and Florida constitutions; and (2) whether the trial court properly adhered to those requirements in ruling on the admissibility of the child's hearsay statements.
The first issue was addressed by this Court in Perez, and we reaffirm that decision here. In Perez, we specifically held that section 90.803(23) complied with the requirements of the confrontation clauses of both the federal and Florida constitutions. In rendering that decision, we noted that the United States Supreme Court, in Ohio v. Roberts, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), found that when a declarant is unavailable and the hearsay does not fall within a firmly rooted hearsay exception, the hearsay must be marked with particularized guarantees of trustworthiness in order to be admissible. In applying that holding in the Perez case, we determined that the specific reliability requirements in section 90.803(23) provided sufficient safeguards of reliability to meet the "particularized guarantees of trustworthiness" standard set forth in Roberts. Perez, however, was rendered before the United States Supreme Court issued its ruling in Idaho v. Wright, 497 U.S. 805, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990), under which Townsend now contends that section 90.803(23) is unconstitutional.
In Wright, the United States Supreme Court determined that, in evaluating whether a hearsay statement contains sufficient guarantees of trustworthiness, a court must look to the totality of the circumstances surrounding the making of the statement. The Court noted, however, that in determining the reliability of such a statement, a court cannot look to corroborating evidence to show the truth of the statement to be admitted. Section 90.803(23)(a)(2)b. requires that other corroborating evidence must exist before the hearsay evidence of an unavailable witness can be admitted. Because of these apparently inconsistent requirements, Townsend maintains that section 90.803(23) violates Wright's mandate that a court not look to corroborating evidence to show the truth of the statement to be admitted. Although section 90.803(23)(a)(2)b. does require that other corroborating evidence must exist before hearsay evidence can be admitted, this requirement is in addition to the requirement that the hearsay evidence, in and of itself, must be reliable. See § 90.803(23)(a)(1) *957 (the trial judge must determine that the time, content, and circumstances of the statement provide sufficient safeguards of reliability). Essentially, the other corroborating evidence requirement assures that a defendant will not be convicted solely on the basis of the hearsay testimony. This acts as a safeguard to protect the interests of the accused, which traditionally has been one of the basic underlying reasons for not allowing hearsay testimony in criminal trials.
To clarify, however, any possible inconsistencies between the United States Supreme Court's decision in Wright and the requirements of section 90.803(23), we hold that under section 90.803(23), the trial judge must adhere to the following procedure: First, the trial judge must determine whether the hearsay statement is reliable and from a trustworthy source without regard to corroborating evidence. If the answer is yes, then the trial judge must determine whether other corroborating evidence is present. If the answer to either question is no, then the hearsay statements are inadmissible. Under this procedure, we specifically find that the procedural requisites of section 90.803(23) are sufficient to meet the constitutional requirements of both the federal and Florida Constitutions. The failure of a trial judge to follow this procedure would render this exception to the hearsay rule unconstitutional under the dictates of the United States Supreme Court's decision in Wright.
Having determined that the procedural requisites of section 90.803(23) properly protect the constitutional rights of an accused, we address the second portion of Townsend's confrontation clause argument, i.e., whether in this case the trial judge properly adhered to the reliability requirements of that section in ruling on the admissibility of this child's hearsay statements. Clearly, both Roberts and Wright stand for the proposition that the reliability determination as to the admissibility of hearsay evidence is critical to the protection of an accused's rights under the confrontation clause. Accordingly, it is essential that the trustworthiness and reliability requirements of section 90.803(23) be strictly followed. In recognizing the importance of adhering to those requirements, this Court and a majority of the Florida district courts of appeal have consistently found trial courts to have committed reversible error when those courts have failed to place on the record specific findings indicating the basis for determining the reliability of a child's statements introduced as hearsay under that section. See, e.g., Leggett v. State, 565 So.2d 315 (Fla. 1990); State v. Romanez, 543 So.2d 323 (Fla. 3d DCA 1989); Jaggers v. State, 536 So.2d 321 (Fla. 2d DCA 1988); Griffin v. State, 526 So.2d 752 (Fla. 1st DCA 1988). A mere conclusion that a child's statements are reliable or a mere restatement of the statute in a boilerplate fashion is insufficient to meet the requirements of the confrontation clause. Leggett (the requirements of the statute must be met); Jaggers (a court must specifically set forth reasons indicating the reliability of the statements); see also Hopkins v. State, 632 So.2d 1372 (Fla. 1994) (failure to make specific findings of fact under section 92.54, Florida Statutes (1989), which section impacts the same constitutional guarantees as those at issue here, constitutes reversible error).
Section 90.803(23)(a)(1) mandates that the trial judge, in a hearing conducted outside the presence of the jury, determine whether a hearsay statement is trustworthy and reliable by examining the "time, content, and circumstances" of the statement. Specifically, in examining the time, content, and circumstances of the hearsay statement,
the court may consider the mental and physical age and maturity of the child, the nature and duration of the abuse or offense, the relationship of the child to the offender, the reliability of the assertion, the reliability of the child victim, and any other factor deemed appropriate.
§ 90.803(23)(a)(1). Other factors may include, but are not limited to, a consideration of the statement's spontaneity; whether the statement was made at the first available opportunity following the alleged incident; whether the statement was elicited in response to questions from adults; the mental state of the child when the abuse was reported; whether the statement consisted of a child-like description of the act; whether the child used terminology unexpected of a child *958 of similar age; the motive or lack thereof to fabricate the statement; the ability of the child to distinguish between reality and fantasy; the vagueness of the accusations; the possibility of any improper influence on the child by participants involved in a domestic dispute; and contradictions in the accusation. Wright; Perez; Romanez; Griffin. In sum, as noted by the United States Supreme Court in Wright, a court is to use a totality of the circumstances evaluation in determining reliability. As previously noted, however, a court should not consider other corroborating evidence to determine the reliability of the child's statement. Wright.
In this case, the trial judge merely listed each of the statements to be considered and summarily concluded, without explanation or factual findings, that the time, content, and circumstances of the statements to be admitted at trial were sufficient to reflect that the statements were reliable. This finding is clearly insufficient under both the statute and the constitutional requirements of Wright, and, consequently, constitutes reversible error.

The Child Psychologist's Expert Testimony
Townsend additionally argues that much of the child psychologist's testimony was erroneously admitted at trial. First, Townsend contends that the trial judge erroneously allowed the psychologist to comment on the truthfulness of the child. At trial, the psychologist testified as to the child's credibility by indicating that the child's statements to her were truthful because, in her opinion, the child was capable of distinguishing between the truth and a lie and pretending and playing. An expert may testify concerning a child's ability to comprehend the difference between telling the truth and telling a lie for purposes of determining whether the child is competent to testify at trial. It is well established, however, that an expert is prohibited from commenting to the fact-finder as to the truthfulness or credibility of a witness's statements in general. Tingle v. State, 536 So.2d 202 (Fla. 1988); Weatherford v. State, 561 So.2d 629 (Fla. 1st DCA 1990); Fuller v. State, 540 So.2d 182 (Fla. 5th DCA 1989); Davis v. State, 527 So.2d 962 (Fla. 5th DCA 1988); Ward v. State, 519 So.2d 1082 (Fla. 1st DCA 1988); Kruse v. State, 483 So.2d 1383 (Fla. 4th DCA 1986), review dismissed, 507 So.2d 588 (Fla. 1987). The psychologist should not have been allowed to testify regarding the credibility of the child.
Townsend also asserts that the trial judge erred in allowing the psychologist to testify to a number of hearsay statements of the child, some of which were obtained through the use of anatomical dolls and some of which related to the identity of the abuser. A trial court has broad discretion in determining the range of subjects on which an expert witness will be allowed to testify. Glendening v. State, 536 So.2d 212 (Fla. 1988), cert. denied, 492 U.S. 907, 109 S.Ct. 3219, 106 L.Ed.2d 569 (1989); Johnson v. State, 393 So.2d 1069 (Fla. 1980), cert. denied, 454 U.S. 882, 102 S.Ct. 364, 70 L.Ed.2d 191 (1981). Moreover, if relevant,[2] a medical expert witness may testify as to whether, in the expert's opinion, the behavior of a child is consistent with the behavior of a child who has been sexually abused. Glendening; North v. State, 65 So.2d 77 (Fla. 1952), aff'd, 346 U.S. 932, 74 S.Ct. 376, 98 L.Ed. 423 (1954); Ward (doctor's testimony that child was having stomach aches, sleep disturbances, and acting dependent, was admissible to reflect basis for opinion that child suffered from post-traumatic stress syndrome); Ferradas v. State, 434 So.2d 24 (Fla. 3d DCA 1983). Even so, great care must be taken by a trial judge in determining what testimony of an expert is admissible because a jury often places great emphasis on the testimony of experts in this type of proceeding. Dirk Lorenzen, The Admissibility of Expert Psychological Testimony in Cases Involving the Sexual Misuse of a Child, 42 U. Miami L.Rev. 1033, 1035-36 (1988) ("Because the lay jury has only the common experience of everyday life to apply to the fact pattern before it, there is a risk that it will defer to the judgment of an expert."). Moreover, the *959 trier of fact is likely to believe that a clinical evaluation technique employed by an expert, such as the use of anatomically correct dolls to evaluate a child for an incident of sexual abuse, is valid. Id.
When an expert testifies regarding how a child behaved with anatomically correct dolls, the expert is repeating the communications of the child witness. For this reason, a trial court must evaluate such testimony under the requirements of section 90.803(23) just as with any other hearsay statement of a child abuse victim. Experts generally agree that contacts between a child and an expert evaluating the child for sexual abuse should be videotaped to ensure the trustworthiness of the communications and to ensure that the expert did not lead the child during the evaluation. Lorenzen, Expert Psychological Testimony, 42 U. Miami L.Rev. at 1069-70; Fla.S.Comm. on Judiciary-Civ., tape recording of proceedings (May 1, 1985) (Florida State Archives) (comments of Dr. J.M. Whitworth). In any event, courts must take great care to ensure the reliability of the statements admitted at trial. Likewise, statements of identity are not admissible in this type of case absent a reliability determination under section 90.803(23). State v. Jones, 625 So.2d 821 (Fla. 1993) (statements of fault or identity are not admissible under the medical diagnosis hearsay exception contained in section 90.803(4) but may be admissible under section 90.803(23) if they meet the requirements of that section). Consequently, as with other child victim hearsay statements, the trial judge was required to review and make specific factual findings under the strict trustworthiness and reliability requirements of section 90.803(23) as to the admissibility of the child's verbal communications to the psychologist and of the communications observed by the psychologist through the use of anatomical dolls.

Failure to Preserve the Errors in this Case
The State argues that the issues in this case have not been properly preserved for appellate review. Specifically, the State contends that the incompetency issue was not raised at trial or on appeal before the district court and, consequently, that the district court had no jurisdiction to reverse on this basis. As to the other issues, the State asserts that Townsend failed to properly preserve those issues through appropriate objections and that those issues are procedurally barred.
First, we note that the issue raised in the certified question was properly raised by Townsend in a pre-trial motion and was the same issue before the district court in Townsend I. Under these circumstances, we find that the district court could properly consider this issue in the second appeal and that the question at bar was properly certified to this Court for review.
Second, we find that Townsend did, in fact, sufficiently preserve objections as to certain portions of the psychologist's testimony. For instance, Townsend did properly object to the psychologist's testimony indicating that Townsend was the individual who committed the alleged abuse. It is questionable, however, whether Townsend properly preserved other issues, such as the failure of the trial judge to make specific factual findings regarding the reliability of the child's statements. Moreover, we recognize that some of the errors in this case, when considered alone, might not constitute error that was so fundamental that no objection was necessary to preserve the error for review. For example, the failure of a trial judge to make sufficient findings under the statute, in and of itself, does not constitute fundamental error. Hopkins; Seifert v. State, 616 So.2d 1044 (Fla. 2d DCA) (a trial court's insufficient findings under 90.803(23) do not equate with fundamental error), review granted, 626 So.2d 207 (Fla. 1993); Jones v. State, 610 So.2d 105 (Fla. 3d DCA 1992) (issue of whether findings were sufficient under section 90.803(23) not preserved for review because no contemporaneous objection made to the findings), review denied, 620 So.2d 761 (Fla. 1993). Consequently, were we not reviewing these errors as a whole, we might find that some of the errors to which no objection was made were procedurally barred. When, however, we consider the errors in this case as a whole, we must conclude that Townsend was denied the fundamental right to due process and the right *960 to a fair trial. State v. Johnson, 616 So.2d 1 (Fla. 1993) (error so basic to the judicial decision under review that an accused is denied the right to due process is fundamental); Fuller v. State, 540 So.2d 182 (Fla. 5th DCA 1989) (cumulative effect of the errors in child sexual abuse case was so fundamental as to require reversal); Nazareth v. Sapp, 459 So.2d 1088 (Fla. 5th DCA 1984); Dukes v. State, 356 So.2d 873 (Fla. 4th DCA 1978). This is especially true in light of the erroneously admitted testimony of the psychologist, which, under the circumstances, cannot be considered harmless. Other than the hearsay statements of the child, the only evidence presented by the State was the testimony of the medical doctor and the treating psychologist. The medical doctor's testimony was not conclusive with respect to sexual abuse, and, as indicated previously, much of the treating psychologist's testimony was never subjected to a proper reliability determination under section 90.803(23). Given the errors in this case and the limited amount of non-hearsay evidence introduced at trial, we find that Townsend did not receive a fair trial. Consequently, we agree with the district court's finding that Townsend is entitled to a new trial.

Conclusion
In remanding this case for a new trial, we are not unmindful of the difficulties inherent in this remand. The child victim in this case is now approximately eight years old. Confronting an eight-year-old about acts that occurred when that child was two years of age could be extremely difficult if not impossible. As Dr. J.M. Whitworth stated during a hearing before the Senate Judiciary Civil Committee when the legislature was considering the child sexual abuse hearsay exception: "Children do not retain details for any length of time, so time is very important. This is why there is a strong need for videotaping the testimony of children." Fla. S.Comm. on Judiciary-Civ., tape recording of proceedings (May 1, 1985) (Florida State Archives) (comments of Dr. J.M. Whitworth) (emphasis added). In rendering this decision, we can only hope that in the future greater care will be taken to properly preserve testimony in this type of case and that judges will carefully adhere to the trustworthiness and reliability requirements set forth in section 90.803(23), Florida Statutes.
For the reasons expressed, we answer the certified question in the affirmative, approve the result of the district court's decision, and remand this cause for a new trial.
It is so ordered.
BARKETT, C.J., and SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
McDONALD, J., concurs with an opinion.
McDONALD, Justice, concurring.
I was first inclined to agree with the district court by answering the certified question in the negative. After further reflection, I join the majority on this issue.
I write only to emphasize that the admission of hearsay statements of small children must be carefully reviewed under a strict scrutiny test. An "adequate indicia of reliability" required to allow the admission of out of court statements of a child is an exacting test. All of the criteria set forth in Idaho v. Wright, 497 U.S. 805, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990), must be met. As stated therein "Evidence possessing `particularized guarantees of trustworthiness' must be so trustworthy that adversarial testing would add little to its reliability." Because this evidence is an exception to the hearsay, the burden is on the party moving for its admission to clearly and convincingly demonstrate its reliability.
I seriously doubt that the state can meet the required standard in this case.
NOTES
[1] Section 90.603, Florida Statutes (1987), which governs the disqualification of witnesses, provides as follows:

A person is disqualified to testify as a witness when the court determines that he is:
(1) Incapable of expressing himself concerning the matter in such a manner as to be understood, either directly or through interpretation by one who can understand him.
(2) Incapable of understanding the duty of a witness to tell the truth.
[2] Relevancy of a medical expert's opinion is determined by the requirements set forth in sections 90.702 and 90.703, Florida Statutes (1993).