DANAHY, Acting Chief Judge.
The appellant, Julious Hill, charged with two counts of capital sexual battery and a lewd and lascivious act in the presence of a child under the age of sixteen, challenges his conviction of two counts of battery and one count of lewd and lascivious behavior.[1] He claims many errors occurred during trial, several having to do with the admission of the child victim’s out-of-court statements pursuant to the hearsay exception contained in section 90.803(23), Florida Statutes (1991). We find merit only in the issue dealing with the admission of the examining physician’s hearsay statements and, accordingly, reverse the convictions and remand for a new trial.
When the four-year-old victim’s mother first suspected the occurrence of sexual abuse on her daughter, Dr. J. Michael Harvey, a pediatrician working with the Pasco County Child Protection Team, examined her. Dr. Harvey testified that during his discussion with the child it came out that the appellant was the abuser.[2] Defense counsel objected to admitting this testimony because of its hearsay nature and the fact that it had not been subjected to an inquiry under section 90.803(23) to establish the reliability of *654 the child victim’s statements. The prosecutor argued, and the trial court agreed, that the statements were admissible pursuant to section 90.803(4), the hearsay exception for statements for purposes of medical diagnosis or treatment.
Whether the child victim’s statements about sexual abuse and the identity of the sexual abuser may be admitted under the relatively recent child victim hearsay exception set forth in section 90.803(23), or under the more established hearsay exception for statements given for purposes of medical treatment and diagnosis, § 90.803(4), was recently decided in State v. Jones, 625 So.2d 821 (Fla.1993); accord, State v. Townsend, 635 So.2d 949 (Fla.1994). Our supreme court has now determined that hearsay testimony of an examining physician, even one working for an agency such as a Child Protection Team, relating the child victim’s statements identifying the abuser, must be submitted to the rigorous reliability analysis set forth in section 90.803(23) before being admitted at trial. In Jones the court examined the legislative history of section 90.803(23) and found that the legislature adopted the new hearsay exception in an effort to strike a balance between the need to consider child victim’s hearsay statements in judicial proceedings and the rights of the accused. Id. at 826. The court specifically noted that the legislature had rejected the idea of expanding the medical treatment and diagnosis hearsay exception. Id. at 825-26.
The trial court did not have the advantage of Jones which had not been issued at the time of trial. Jones is dispositive and, accordingly, we find that the trial court erred when it allowed the examining physician to testify to the child victim’s statements about the appellant’s culpability without observing the safeguards of section 90.903(23). We are aware that the trial court did determine the reliability of the other hearsay testimony admitted pursuant to. this statute[3] but find that the state has not met its burden of proving harmless error under the standard of State v. DiGuilio, 491 So.2d 1129 (Fla.1986). Accordingly, we must reverse the convictions and remand for a new trial. Any hearsay testimony about an abused child’s statements regarding the act of abuse or the identity of the abuser, regardless of who is the testifying witness, shall be admitted only after its reliability has been tested in accordance with section 90.803(23).
Reversed and remanded for a new trial.
THREADGILL and LAZZARA, JJ., concur.

. Violations of § 784.03, Fla.Stat. (1991), and § 800.04(3), Fla.Stat. (1991).

. It is unclear whether the child spontaneously gave this information or the doctor, who knew that the appellant was the suspect, suggested the appellant’s name to her first.

. This evidence was the videotaped interview between a detective and the child victim.