ON REMAND

MOTION FOR REHEARING

HARRIS, Judge.
We grant rehearing solely to address the cross appeal filed by the State. The trial court admitted evidence of a polygraph on the basis of United States v. Piccinonna, 885 F.2d 1529 (11th Cir.1989). We decline to adopt Piccinonna which conflicts with our more recent decision in Cassamassima v. State, 657 So.2d 906 (Fla. 5th DCA 1995), and direct the court to follow Cassamassima on remand. We do not change our position on the sufficiency of Defendant’s objection below.
*178 The supreme court has remanded this case to us to determine “whether there was sufficient objection (below) to the expert’s testimony on the basis that it was not reliable” in order to preserve the issue for appeal.
We cannot help but compare the dilemma facing defense counsel below with the dilemma faced by Orr in Joseph Heller’s Catch-22:
There was only one catch and that was Catch-22, which specified that a concern for one’s own safety in the face of dangers that were real and immediate was the process of a rational mind. Orr was crazy and could be grounded. All he had to do was ask; and as soon as he did, he would no longer be crazy and would have to fly more missions ... .if he flew them he was crazy and didn’t have to; but if he didn’t want to he was sane and had to ... “That’s some catch, that Catch-22,” he [Yossarian] observed. “It’s the best there is,” Doe Da-neeka agreed.
At the time of the trial below, we had issued our opinion in Toro v. State, 642 So.2d 78, 82 (Fla. 5th DCA 1994), citing that portion of State v. Townsend, 635 So.2d 949, 958 (Fla.1994), which held:
If relevant, a medical expert witness may testify as to whether, in the expert’s opinion, the behavior of a child is consistent with the behavior of a child who has been sexually abused.
Defense counsel’s dilemma, therefore, was whether to object to this type testimony in face of Toro and Townsend and have his competency questioned or to not object only to see the supreme court recede from Townsend[1] and have all doubt removed. The defense counsel took a middle ground.
Defense counsel objected as follows:
MR. GOODMAN [Defense Counsel]: I think he is about to elicit an answer which would be an improper answer. She [the psychologist] can’t — she can give a diagnosis, if she can. She can’t testify what she believes as to whether the child has been molested ... She can give a diagnosis, for example, stress syndrome or whatever, or any other recognized psychological diagnosis, but she can’t testify about whether in her opinion the child has been molested. MR. SAVITZ: She can testify and I think the case law backs us up — she did testify that he shows signs consistent with being sexually abused.
MR. GOODMAN: I don’t think it says that.
 We find that the admission of the profile testimony was not harmless, and under the facts of this ease and under the law as it existed at the time of the trial below, we hold that the objection was sufficient to preserve the issue for appeal and reverse Beau-lieu’s conviction and remand to the trial court for further action consistent with the opinion of the supreme court in Hadden v. State, 690 So.2d 573 (Fla.1997).
REVERSED and REMANDED.
W. SHARP and ANTOON, JJ., concur.

. The supreme court has now held: "That expert testimony offered to prove the alleged victim of sexual abuse exhibits symptoms consistent with one who has been sexually abused should not be admitted.” Hadden v. State, 690 So.2d 573, 577 (Fla.1997).