PLEUS, J.
The father appeals an adjudication of dependency. We affirm.
In his first issue, the father argues that the trial court erred by admitting the child’s hearsay statements without a showing that the child was competent to testify. The trial court properly rejected this argument, finding it contrary to the holdings in State v. Townsend, 635 So.2d 949 (Fla.1994), Glendening v. State, 536 So.2d 212, 219 n. 6 (Fla.1988) and Perez v. State, 536 So.2d 206 (Fla.1988). As the supreme court stated in Townsend, “[I]t is the par *992 ticularized guarantees of trustworthiness that ensure the reliability of a statement, not the competency of the witness making the statement.” 635 So.2d at 955.
In his second issue, the father argues that the adjudication of dependency based on sexual abuse was insufficient without medical evidence. Medical evidence is not necessary to obtain a criminal conviction for such conduct, much less an adjudication of dependency. See, e.g., Graves v. State, 704 So.2d 147 (Fla. 1st DCA 1997) (holding that child’s testimony was sufficient to sustain conviction for sexual battery on a child).
Even if we were to construe his argument more broadly as a general challenge to the sufficiency of evidence, it would be impossible to determine the sufficiency of the evidence without the transcript of the adjudicatory hearing. Although the designation reflects that the father requested the court reporter to transcribe the November 21, 2003 hearing, it was not transmitted to this Court as part of the record on appeal. The Department moved to dismiss the appeal in part because of the lack of trial transcript. We denied the motion to dismiss but ordered the father to supplement the record with the November 21, 2003, trial transcript pursuant to Florida Rule of Appellate Procedure 9.200(f)(2). He failed to do so. Without the transcript, we must presume that sufficient evidence existed to support the dependency adjudication. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979).
In his third issue, the father argues that the trial court erred by admitting evidence of acts not alleged in the pleadings. Once again, without the transcript, the father cannot demonstrate error. Applegate. Furthermore, the order of adjudication reveals that the court found that the father committed the act alleged in the petition. Accordingly, we must affirm.
AFFIRMED.
MONACO and TORPY, JJ., concur.