996 So.2d 926 (2008)
Jeremiah JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-5050.
District Court of Appeal of Florida, First District.
December 5, 2008.
Nancy A. Daniels, Public Defender, and Steven L. Seliger, Assistant Public Defender, Tallahassee, for Appellant.
*927 Bill McCollum, Attorney General, and Donna A. Gerace, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant Jeremiah Johnson seeks review of his convictions for sexual battery upon a child younger than twelve and lewd or lascivious molestation. The only issue in this case is whether the trial court complied with the dictates of section 90.803(23), Florida Statutes (2007), and State v. Townsend, 635 So.2d 949 (Fla. 1994), in determining the reliability of certain incriminating out-of-court statements by the child-victim.
For the State to use, at trial, evidence of a child-victim's out-of-court statements describing sexual abuse, the trial court must find that the hearsay statements are reliable. See § 90.803(23)(a)2., Fla. Stat. (2007); Townsend, 635 So.2d at 954. Here, the trial judge made ample findings of reliability, and we conclude that his findings are supported by competent, substantial record evidence. We further find that the judge analyzed the child's statements in respect of each of the applicable factors listed in the statute and Townsend. As the child-victim testified at trial in this case, the trial judge was not required to consider whether the hearsay statements were supported by other corroborative evidence. See § 90.803(23)(a)2., Fla. Stat. (2007); Townsend, 635 So.2d at 957-58.
In light of the trial judge's supportable findings of reliability, we cannot conclude, under these circumstances, that the State's use of evidence of the child's incriminating hearsay statements amounted to an unconstitutional denial of appellant's confrontation rights.
AFFIRMED.
KAHN, WEBSTER, and VAN NORTWICK, JJ., concur.