41 So.3d 383 (2010)
N.W., Appellant,
v.
M.W., Appellee.
No. 2D10-63.
District Court of Appeal of Florida, Second District.
July 30, 2010.
Ellen E. Ware of Ware Law Group, P.A., Tampa, and Gregory F. Jacob of *384 Winston & Strawn, LLP, Washington, District of Columbia, for Appellant.
M.W., pro se.
DAVIS, Judge.
N.W.[1] (the Mother) challenges the trial court's nonfinal order providing M.W. (the Father) with unsupervised visitation with the parties' five-year-old daughter. Because the trial court applied the wrong standard for determining the reliability of child hearsay statements, we reverse and remand. Based on our reversal as to this issue, we need not address the Mother's other arguments on appeal.
The dissolution of marriage proceeding pending below involves allegations that the Father was sexually abusing the parties' daughter. In the wake of those allegations, the court ordered that the Father have only supervised visitation with the child. The Father later moved for unsupervised visitation, and the Mother moved to admit the child's hearsay testimony regarding the sexual abuse pursuant to section 90.803(23), Florida Statutes (2009). Following a hearing on the Mother's motion, the trial court denied the Mother's request and excluded the child hearsay statements of sexual abuse from all further hearings. The court then held a hearing on the Father's motion, following which it granted the Father's motion for unsupervised visitation.
On appeal, the Mother argues that the trial court erred in denying her motion to admit the child's hearsay statements of sexual abuse at the hearing on the Father's motion for unsupervised visitation. She maintains that the trial court applied the incorrect standard of law. We agree.
In its written order denying the motion, the trial court stated that the child's statements "lack[ed] ... reliability in view of the fact that there is no corroboration of the alleged statements, which precludes any of the alleged out of court statements being presented at any further hearings." The court went on to specify that there was no corroborating medical evidence of the sexual abuse. This is not the standard for admitting evidence under section 90.803(23).
In State v. Townsend, 635 So.2d 949, 954 (Fla.1994), the supreme court emphasized the trial court's responsibility in ensuring that child hearsay statements satisfy a strict standard of reliability before admitting them as substantive evidence. The trial court must make findings that satisfy two criteria: "(1) the source of the information through which the statement[ ] was reported must indicate trustworthiness; and (2) the time, content, and circumstances of the statement must reflect that the statement provides sufficient safeguards of reliability." Id. at 954.
D.W.G. v. Dep't of Children & Families, 833 So.2d 238, 241-42 (Fla. 4th DCA 2002). As such, the focus is on the person to whom the statement was made and the manner in which the statement was made.
Here, the Mother sought to introduce statements made by the child to the Mother, the grandmother, a therapist, and a family friend. The trial court made no findings with regard to any of these sources and failed to address the individual statements and the circumstances under which they were made. As such, the court failed to satisfy the dictates of Townsend. We therefore reverse and remand to the trial court with instructions to reconsider the Mother's motion to admit child hearsay statements of sexual abuse applying the Townsend standard.
*385 Reversed and remanded with instructions.
KHOUZAM and CRENSHAW, JJ., Concur.
NOTES
[1] We use initials to protect the privacy of the individuals involved.