DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

JOHN McCARTNEY,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2024-0642

_____

November 7, 2025

Appeal from the Circuit Court for Sarasota County; Dana Moss, Judge.

Michael D. Gelety, Ft. Lauderdale, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Jonathan P. Hurley, Senior Assistant Attorney General, Tampa, for Appellee.

LaROSE, Judge.

On retrial, a jury convicted John McCartney of various sex crimes committed against his neighbor's three daughters. We have jurisdiction of his appeal from the judgment and sentences. *See* Fla. R. App. P. 9.030(b)(1)(A); 9.140(b)(1)(A), (F). We affirm. We write to explain why the trial court properly admitted the eldest victim's child hearsay statements, despite her attaining the age of majority before Mr. McCartney's retrial.

## Background

When Mr. McCartney committed the offenses, the eldest victim was eleven years old; the other two victims were eight.

The State filed its notice of intent to offer child hearsay statements for each victim. *See* § 90.803(23)(b), Fla. Stat. (2023). The trial court found the statements to be trustworthy, reliable and, thus, admissible in evidence. *See* § 90.803(23)(a); *see also State v. Townsend*, 635 So. 2d 949, 954 (Fla. 1994) ("For a hearsay statement to be admitted . . . the statement must meet two specific reliability requirements: (1) the *source* of the information through which the statement was reported *must indicate trustworthiness*; and (2) the *time, content, and circumstances* of the statement must reflect that the statement *provides sufficient safeguards of reliability*."); *Oliver v. State*, 397 So. 3d 104, 108–09 (Fla. 2d DCA 2024).

Trial began but ended in a mistrial. *See generally Richardson v. State*, 246 So. 2d 771, 774–75 (Fla. 1971) (establishing the process by which a criminal defendant may challenge a discovery violation), *receded from in part by Spradley v. State*, 293 So. 2d 697, 701 (Fla. 1974).

Mr. McCartney's retrial started within a year. At the outset, he objected to the admission of the child hearsay statements because the victims were no longer minors:

> At this point we have the three complaining witnesses that are all adults. So the underlying idea and the underlying concept and the underlying need for the so-called child-hearsay exception, which is 90.803(23)–is not present. And, you know, I looked at some of these cases and, you know, in some of the language it's basically that's the point. And you read the cases and you have a 5-year-old stumbling in, trying to testify, or an 8-year-old stumbling in, trying to testify, and the justification of course is at that point, well, you know,

2

since it's a child in such tender years, and she's having–or
he's having a problem testifying, then there is a–certainly
a reason, a factual and logical reason to then bring
in a statement they made under less stressful circumstances,
or whatever that rationale is going to be.

The State responded that it wanted to use only the eldest victim's Child Protection Team interview and the testimony of the police officer to whom she initially reported the crimes.

Finding no controlling precedent, the parties seemingly faced an issue of first impression. The trial court concluded that a "pla[i]n reading of section 90.803(23)" indicated that the only age-related requirement was that "at the time that the child makes the statement . . . the child is under 16." The trial court found the eldest victim's child hearsay statements admissible. She was twenty-one years old at retrial.

The jury found Mr. McCartney guilty. The trial court sentenced him to life in prison.

## Analysis

Mr. McCartney contends that the trial court erred in allowing child hearsay at his retrial because the eldest victim had reached the age of majority. *See* § 743.07(1), Fla. Stat. (2014) ("The disability of nonage is hereby removed for all persons in this state who are 18 years of age or older . . . .").

By dint of this fact, alone, he tells us that admission of her statements was categorically prohibited. Mr. McCartney stresses that the rationale for the use of child hearsay was inapplicable. *See* ch. 85-53, Laws of Fla. (enacting the child hearsay exception so that "safeguards be instituted for the children of the State of Florida who are victimized to assure that their right to be free from emotional harm and trauma occasioned by judicial proceedings is protected by the court" because

3

"children are in need of special protection as victims or witnesses in the judicial system as a result of their age and vulnerability").

Our analysis begins, as it should, with the pertinent statutory language:

> (a)   Unless the source of information or the method or circumstances by which the statement is reported indicates a lack of trustworthiness, **an out-of-court statement made by a child victim with a physical, mental, emotional, or developmental age of 16 or less** describing any act of child abuse or neglect, any act of sexual abuse against a child, the offense of child abuse, the offense of aggravated child abuse, or any offense involving an unlawful sexual act, contact, intrusion, or penetration performed in the presence of, with, by, or on the declarant child, not otherwise admissible, is admissible in evidence in any civil or criminal proceeding if:
>
> 1.   The court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability.  In making its determination, the court may consider the mental and physical age and maturity of the child, the nature and duration of the abuse or offense, the relationship of the child to the offender, the reliability of the assertion, the reliability of the child victim, and any other factor deemed appropriate; and
>
> 2.   The child either:
>
> a.   Testifies; or
>
> b.   Is unavailable as a witness, provided that there is other corroborative evidence of the abuse or offense.  Unavailability shall include a finding by the court that the child's participation in the trial or proceeding would result in a substantial likelihood of severe emotional or mental harm, in addition to findings pursuant to s. 90.804(1).

§ 90.803(23) (emphasis added).

Florida case law is sparse.  *State v. Contreras*, 979 So. 2d 896 (Fla. 2008), offers some guidance.  Mr. Contreras was convicted of committing sex crimes against his nine-year-old daughter.  *Id.* at 898.  When his trial

4

began, she was thirteen.  *Id.* at 899.  After the Fourth District reversed his judgment and sentences, the Florida Supreme Court accepted review.  *See State v. Contreras*, 924 So. 2d 810 (Fla. 2006); *Contreras v. State*, 910 So. 2d 901, 902 (Fla. 4th DCA 2005), *decision approved in part, quashed in part*, 979 So. 2d 896 (Fla. 2008).  Much of the court's opinion addressed hearsay and confrontation clause issues.  979 So. 2d at 898–911.

> As relevant here, the court recounted:

> Finally, the Fourth District also concluded that the child victim, who was thirteen years old at the time of trial, no longer qualified for unavailability under section 90.803(23). The statute provides, in pertinent part, that "an out-of-court statement made by a child victim with a physical, mental, emotional, or developmental age of 11 or less describing any act of child abuse or neglect, any act of sexual abuse against the child, [etc.] . . . is admissible in evidence in any civil or criminal proceeding if" the child is found unavailable as a witness. **Nothing in the statute provides that a finding of unavailability is limited by the victim's current age.  The only age requirement is that the statement being admitted as hearsay must have been *made* by a victim eleven years or less in age.**  The victim in the instant case was eleven when she made the statements in question.  Thus, we conclude that the statute was applicable to her and the Fourth District erred in this regard.

*Id.* at 908 (alteration in original) (emphasis added).[1]  Thus, as *Contreras* suggests, the only relevant age for purposes of the child hearsay exception is the victim's age when she *made* the statement(s).

---

[1] The legislature amended section 90.803(23) in 2013 to change the cut-off age from eleven to sixteen.  *See* ch. 2013-98, Laws of Fla. (2013). And, although not relevant here, most recently, the legislature amended the relevant age from sixteen to seventeen.  *See* ch. 2024-71, Laws of Fla. (2024).

A recent Oregon Supreme Court case hits the mark more precisely. In *State v. Akins*, 568 P.3d 174 (Or. 2025), the court rejected the same argument advanced by Mr. McCartney. Specifically, Mr. Akins argued that

> the hearsay exception applies only if the victim was a "child declarant" when she made the statements **and when she testified at trial**. Thus, according to [Mr. Akins], the statements at issue here are inadmissible because M was not a "child declarant" when she testified, even though she was a "child declarant" when she made the statements.

*Id.* at 491 (emphasis added).

> The court was unpersuaded:

> M was indisputably both a "child" and a "declarant" at the time that she made statements about the abuse to her mother, the CARES interviewer, and her friends. Those statements, made when M—the declarant—was 15 years old, were offered into evidence through the testimony of M's mother, M's two friends, and the CARES interviewer. It is that testimony—not M's own testimony at trial—that [Mr. Akins] contends should have been excluded. But that testimony was admissible under the text of the rule because (1) it was evidence of statements that M had made when she was a "child declarant"; and (2) M testified at trial and was subject to cross-examination.

> That is all that is required by the text of the rule to make that evidence admissible. Nothing in the text conditions the admissibility of that evidence on the declarant's age when she testified at trial—that is, the rule does not expressly state that the witness must be a child at the time of her trial testimony. The rule requires that the declarant must testify at the proceeding and be subject to cross examination unless the declarant is "unavailable as a witness but was chronologically or mentally under 12 years of age when the statement was made . . . ." OEC 803(18a)(b). . . .

> . . . .

> In summary, we conclude that the text and context of OEC 803(18a)(b) show that that hearsay exception was

6

intended to apply to out-of-court statements made by a person who was a child when she made the statements and who testifies and is available for cross-examination at trial, even if the person is no longer a child when she testifies.

*Id.* at 492, 503 (citations omitted).

## Conclusion

Guided by *Contreras*, and persuaded by *Akins*, we hold that section 90.803(23) permits the admission of the eldest victim's child hearsay statements, regardless of her age at retrial, so long as she was under the age of sixteen when she made the statements. The trial court properly admitted the child hearsay statements.

Affirmed.


BLACK and SMITH, JJ., Concur.


_____


Opinion subject to revision prior to official publication.