GODERICH, Judge.
The defendant, Eric Lamont Cox, appeals from his convictions and sentences. We affirm.
The defendant was charged with burglary with assault or battery; battery on a person sixty-five years of age or older; and strong arm robbery. Prior to trial, the State filed a motion to rely on Williams[1] rule evidence to prove identity. Specifically, the State sought to introduce a subsequent robbery that the defendant had committed.
At the Williams rule hearing, the victims of both the collateral robbery and the robbery at issue testified. The trial court ruled that the collateral robbery was admissible because the testimonies of both victims were “virtually identical.”
Following a trial where the collateral crime was admitted, the jury found the defendant guilty as charged. This appeal follows.
The defendant contends that the trial court abused its discretion by admitting the collateral crime. We disagree.
Pursuant to section 90.404(2)(a), Florida Statutes (2000), “[s]imilar fact evidence of other crimes ... is admissible when relevant to prove a material fact in issue, such as proof of ... identity ..., but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.” In order to introduce a collateral crime to establish identity, the collateral crime and the crime at issue “must share some unique features suggesting the same perpetrator.” Black v. State, 630 So.2d 609, 618 (Fla. 1st DCA 1993), review denied, 639 So.2d 976 (Fla.1994); see also *1260 Williams v. State, 662 So.2d 419 (Fla. 3d DCA 1995)(“Proper Williams rule evidence is that which possesses ‘obvious and telling similarities’ to the crime charged.”) (citations omitted); Drake v. State, 400 So.2d 1217, 1219 (Fla.l981)(“A mere general similarity will not render the similar facts legally relevant to show identity.”).
Here, a careful review of the record indicates that both the collateral robbery and the robbery at issue share “unique features suggesting the same perpetrator.” Black, 630 So.2d at 618. Further, contrary to the defendant’s assertion, although there were dissimilarities between the two crimes, the collateral crime was properly admitted where the dissimilarities were insubstantial and the similarities were unique. See Chandler v. State, 702 So.2d 186, 194 (Fla.1997)(holding that although the collateral crime and crime charged were “not exactly the same,” collateral crime evidence still admissible where there were unique similarities between the two crimes), cert. denied, 523 U.S. 1083, 118 S.Ct. 1535, 140 L.Ed.2d 685 (1998); Black, 630 So.2d at 617-18 (holding that collateral crime admissible to establish identity where similarities are substantial and dissimilarities are inconsequential); Gore v. State, 599 So.2d 978, 984 (Fla.)(holding that collateral crime admissible where “similarities are pervasive, and the dissimilarities insubstantial.”), cert. denied, 506 U.S. 1003, 113 S.Ct. 610, 121 L.Ed.2d 545 (1992). Accordingly, we affirm the defendant’s convictions and sentences.
Affirmed.

. Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959).