912 So.2d 2 (2005)
Avis TANNIHILL, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-3840.
District Court of Appeal of Florida, Fourth District.
February 23, 2005.
Carey Haughwout, Public Defender, and Michael Antinori, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
Appellant, who was convicted of trafficking in cocaine and other related offenses, argues that the trial court improperly allowed evidence of a prior drug transaction, which he was not charged with in this case. The trial court admitted the facts of the *3 earlier crime to prove identity. We affirm, but based on different reasoning.
A confidential informant had purchased cocaine from appellant in an apartment where she observed him cooking crack cocaine in the kitchen. Appellant was not charged, however, with that offense in this case. On this occasion, in the same apartment, the informant again observed appellant cooking crack, but another man handed her the drugs and took her money.
The trial court admitted the evidence of the prior transaction under section 90.404(2)(a), Florida Statutes (2003), reasoning that under Williams v. State, 110 So.2d 654 (Fla.1959), this was the type of signature collateral crime which would be admissible to establish identity, i.e., that it was the appellant who committed the present crime.
Section 90.404(2)(a) provides:
Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.
Appellant argues that in order to introduce a collateral crime to establish identity, the collateral crime and the crime at issue must share some unique features suggesting the same perpetrator, citing Cox v. State, 869 So.2d 1258 (Fla. 3d DCA 2004); Black v. State, 630 So.2d 609 (Fla. 1st DCA 1993). Appellant argues that because these were typical drug transactions, there was nothing unique about them and the trial court should not have admitted the collateral crime evidence.
We need not decide if these crimes were so uniquely similar as to allow admission of the collateral crime to establish identity, because there was no issue of identity in this case. It was conceded that appellant was present at the scene of the crime, and there was therefore no need to establish his identity. The challenged evidence was admissible, however, in order to refute appellant's theory of defense that he was merely an innocent bystander with no knowledge or involvement in the drug sale.
In Damren v. State, 696 So.2d 709 (Fla. 1997), the defendant was on trial for burglarizing a business which he had burglarized two weeks earlier. His theory of defense was that, although he was at the scene of the crime, he was too drunk to have had the intent to commit the second burglary, and the Florida Supreme Court held that evidence of the uncharged earlier burglary was admissible to refute the defense theory of lack of intent.
In this case, as in Damren, the evidence of the prior crime was admissible to refute appellant's theory that he was there as an innocent bystander. Because that was appellant's theory of defense, the evidence was admissible under section 90.404(2)(a) as relevant to proving intent and knowledge. When evidence of a collateral crime is admitted for those reasons, there is no requirement that the two crimes share unique factors, as there is when the collateral crime is introduced to establish identity. Washington v. State, 737 So.2d 1208 (Fla. 1st DCA 1999).
Affirmed.
GUNTHER and MAY, JJ., concur.