SCHIFF, LOUIS H., Associate Judge.
Roger Allan Fincher appeals his conviction and sentence for lewd molestation by a person 18 years of age or older on a child under 12 years of age. Appellant contends that the trial court erred in admitting both (1) the testimony of Williams[1] rule witnesses; and (2) child hearsay testimony. We find that neither issue constitutes reversible error; as such, we affirm.

Facts and Procedural Posture

Appellant was charged with lewd molestation based on events that occurred on January 6, 2010, at a Walmart in Fort Pierce. Prior to trial, the State filed notice of intent to introduce similar fact evidence, pursuant to section 90.404(2)(b), Florida Statute (2010). During the Williams rule hearing, the 11-year-old victim, K.H., testified she was shopping with her mother at Walmart when she separated from her. During this separation, K.H. alleged that a white male bumped into her, placed one hand on her shoulder while the other hand inappropriately touched her. The man exclaimed that he was “sorry” and ran off. K.H. did not know the man who touched her and had never seen him before. Upon his arrest, appellant admitted to accidentally bumping into a girl in the cards aisle at Walmart because he wasn’t paying attention.
The State presented two Williams rule victims. J.K., ten years old at the time of the incident, testified that on December 20, 2009, she was shopping in a Walmart in Brevard County, Florida when a man bumped into her. The man touched her shoulder and grabbed her in the same manner K.H. was touched.
The other victim testified to an incident which occurred at a Kmart in North Carolina in 2000. The victim, then eight years old, was shopping with her babysitter and her babysitter’s husband when she was separated from them. During this separation, appellant inappropriately touched her over her clothing.
Appellant objected to the admission of the Williams rule evidence, arguing the *440 evidence was irrelevant and the prejudicial effect outweighed the probative value.
The trial court allowed the evidence, determining that it was relevant to establish intent and absence of mistake.
Williams Rule Evidence
Appellant argues the trial court committed reversible error by allowing the State to introduce Williams rule testimony. He contends the testimony failed to satisfy the predicate that the charged and collateral crimes have a signature feature or be so unusual that they implicate the defendant as the perpetrator of the charged crime. However, we need not decide whether the crimes contained a significant feature so as to allow the collateral crime to establish identity, because there is no issue of identity in this case. See Tannihill v. State, 912 So.2d 2, 8 (Fla. 4th DCA 2005) (collateral crime evidence not used to establish identity where appellant conceded he was present at scene of crime, but was admissible to “refute appellant’s theory of defense that he was merely an innocent bystander”).
The trial court relied on section 90.404(2)(b)(l), which addresses the admissibility of Williams rule evidence in child molestation cases:
In a criminal case in which the defendant is charged with a crime involving child molestation, evidence of the defen-dánt’s commission of other crimes, wrongs, or acts of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant.
§ 90.404(2)(b)(l), (2010).
When the legislature enacted this statute, the purpose was to alter or overrule “the application of existing case law and to simplify the rules of admissibility in child molestation cases.” McLean v. State, 934 So.2d 1248 (Fla.2006).
In McLean, the Florida Supreme Court delineated the steps a court must consider in determining whether collateral crime evidence should be admitted under section 90.404(2)(b). Id. The trial court must determine whether the prior, collateral acts were proven by clear and convincing evidence. Id. at 1256. The trial court must also ensure that the prejudicial effect substantially outweighs the probative value of the collateral crimes evidence. Id. at 1257.
When the trial court assesses whether the probative value of evidence of previous molestations is substantially outweighed by the danger of unfair prejudice, the Florida Supreme Court requires courts to evaluate:
1) The similarity of the prior acts to the act charged regarding the location of where the acts occurred, the age and gender of the victims, and the manner in which the acts were committed;
2) The closeness in time of the prior acts to the act charged;
3) The frequency of the prior acts; and
4) The presence or lack of intervening circumstances.
Id. at 1262.
The Court further explained the “required showing of similarity must be made on a case-by-case basis.” Id. at 1258. The degree of similarity necessary between crimes is determined based on the purpose for which the crime is introduced. Id. at 1255. “[I]n cases where the purported relevancy of the collateral crime evidence is the identity of the defendant, we have required ‘identifiable points of similarity' between the collateral act and charged crime that ‘have some special character or be so unusual as to point to the defendant.’” Id. (quoting Drake v. State, 400 So.2d 1217, 1219 (Fla.1981)). When collateral crime evidence is intro *441 duced to establish absence of mistake or accident, the requirement is of “substantial similarity.” Id. at 1255 (quoting Robertson v. State, 829 So.2d 901, 909 (Fla.2002)).
In this case, appellant admitted to bumping into and inappropriately touching K.H. Contrary to appellant’s argument, identity was not at issue. The trial court determined the State proved the prior, collateral acts occurred by clear and convincing evidence, the incidents were “substantially similar”, and were relevant to the issue of whether appellant’s inappropriate touching of the victim was a mistake or intentional. As such, we will not disturb the trial court’s finding.

Child Hearsay Testimony

The victims’ hearsay statements to their parents were admitted in the State’s case. Both parents’ testimony was similar, with each indicating that their child told them they were touched in their “private area” in the same manner.
Appellant argues the trial court reversibly erred by admitting child hearsay statements, arguing the testimony was unreliable because (1) the statements were vague; (2) were not made spontaneously; and (8) were elicited by questioning from their parents.
In State v. Townsend, 635 So.2d 949, 954 (Fla.1994), the Florida Supreme Court outlined the standard for admitting child hearsay statements under section 90.803(23), Florida Statutes, the ehild-sex-ual-abuse-hearsay exception. For a child hearsay statement to be admitted, the statement must meet two stringent reliability requirements: “(1) the source of the information through which the statement was reported must indicate trustworthiness; and (2) the time, content, and circumstances of the statement must reflect that the statement provides sufficient safeguards of reliability.” Id. (Emphasis in original). Additionally, the child must either testify at trial or be unavailable. Id. (emphasis in original).
Section 90.803(23)(a), Florida Statutes (2010), provides a non-exhaustive list of factors for the trial court to consider in determining the reliability of the child’s out of court statement. Such factors include, “the mental and physical age and maturity of the child, the nature and duration of the abuse or offense, the relationship of the child to the offender, the reliability of the assertion, the reliability of the child victim_” § 90.803(23)(a)l.; Townsend, 635 So.2d at 957.
Other factors the court may take into consideration are the spontaneity of the child’s statement, whether the statement was elicited in response to questions by the child’s parent, the motives of the child to fabricate the story, and the vagueness of the accusations. Townsend, 635 So.2d at 957-58. Upon determining the reliability and trustworthiness of the child’s statement, the court must then make specific findings of fact on the record. § 90.803(23)(a)(2)(c), Fla. Stat. (2010).
In the instant case, the record reveals the trial court complied with the statute and the Supreme Court’s directive in Townsend by making detailed findings of fact regarding the time, content, and circumstances surrounding the child hearsay statements.
The court further addressed the individual statements made and the circumstances under which they were made. See N.W. v. M.W., 41 So.3d 383, 384 (Fla. 2d DCA 2010) (holding the trial court erred by failing to address the individual statements the child abuse victim made). The court acknowledged the time lapse between the incident and the dissemination of what occurred to each child’s respective *442 parent, ultimately concluding the statements were spontaneous.
We agree with the State that the record provides no support for appellant’s argument that the child hearsay statements were vague and not made spontaneously. While the full extent of the statements was prompted by their parents’ questioning, neither parent had any motive to fabricate such a story. Furthermore, due to the young age of the victims and the nature of the crime perpetrated against them, it is not surprising they were not immediately forthcoming. As a result, the trial court did not abuse its discretion by admitting the child hearsay testimony and we accordingly affirm.

Affirmed.

MAY and CIKLIN, JJ., concur.

. See Williams v. State, 110 So.2d 654 (Fla.1959), and codified by section 90.404(2)(b), Florida Statutes (2001).